[S.F. No. 22804. In Bank. June 17, 1971.]

NORMA K. CRANE, Plaintiff and Appellant, v.
STATE FARM FIRE AND CASUALTY COMPANY,
Defendant and Respondent.

**COUNSEL**

Bennet Olan, David Manning Chodos and Harvey A. Schneider for Plaintiff and Appellant.

Berry, Davis & McInerney, Samuel H. Berry and Richard J. Kohlman for Defendant and Respondent.

**OPINION**

**MOSK, J.**—Andrea Crane, plaintiff's minor daughter, was injured while under care for compensation in the home of Janet Chamberlain. At the time of the injury a homeowner's policy was in effect, issued by defendant company to Mrs. Chamberlain and her husband, providing that defendant would pay up to $500 for medical expenses incurred as a result of injuries sustained on their premises.[1] The policy contained an exclusion relating to business activities of the insured but there was an exception to the exclusion, which will be discussed *infra*. Plaintiff brought an action for declaratory relief to establish that defendant was liable for medical expenses incurred on account of Andrea's injuries. The trial court found in favor of defendant. On this appeal from the ensuing judgment, the sole issue is whether the exclusion is applicable.

About two months before the accident, Mrs. Chamberlain agreed to provide child care services for plaintiff's two young children during the hours plaintiff was employed. Andrea was two and one-half years old at the time. Plaintiff left the children with Mrs. Chamberlain at the latter's home five days a week for approximately eight hours a day and initially

---

[1]A separate action for Andrea's personal injuries was filed by plaintiff. We are not concerned with that proceeding.

paid $20 for these services; after a week the remuneration was increased to $25 weekly plus a quantity of groceries. Mrs. Chamberlain was a housewife who had two young children of her own, aged 14 months and 3½ years. She had no business activities outside her home and while she cared for plaintiff's children she was simultaneously supervising her own. The arrangement between the two mothers was for an indefinite duration. Andrea suffered burns to her left hand, wrist, and fingers in the accident.[2]

Plaintiff incurred medical expenses in the sum of $500 for Andrea and defendant refused to reimburse her therefor, relying upon the exclusion in the policy. The clause provides that the policy does not apply "to any business pursuits of an Insured, other than activities therein which are ordinarily incident to non-business pursuits. . . ." The trial court concluded that the amounts expended by plaintiff for Andrea's medical care were reasonable but that the injuries arose out of a business pursuit of Mrs. Chamberlain and did not originate in activities ordinarily incident to non-business pursuits.

We need not decide whether the trial court was correct in its determination that Mrs. Chamberlain was occupied in a business pursuit at the time Andrea was injured because we conclude that, even if this were so, the exception within the exclusionary clause is applicable and that as a matter of law Mrs. Chamberlain was engaged in activities which are ordinarily incident to nonbusiness pursuits at the time of the accident.

In analyzing the extent of the exclusion, our boundaries are the rules to be applied in the interpretation of insurance policies. ■ Any ambiguity or uncertainty in an insurance policy is to be resolved against the insurer. ■ If semantically permissible, the contract will be given such construction as will fairly achieve its manifest object of securing indemnity to the insured for the losses to which the insurance relates. ■ Any reasonable doubt as to uncertain language will be resolved against the insurer whether that doubt relates to the peril insured against or other relevant matters. *Continental Cas. Co.* v. *Phoenix Constr. Co.* (1956) 46 Cal.2d 423, 437-438 [296 P.2d 801, 57 A.L.R.2d 914].) ■ The policy should be read as a layman would read it and not as it might be analyzed by an attorney or an insurance expert. (*Hobson* v. *Mutual Benefit H. & A. Assn.* (1950) 99 Cal.App.2d 330, 333 [221 P.2d 761].) ■ An exclusionary clause must be conspicuous, plain and clear (*Gray* v. *Zurich Insurance Co.* (1966) 65 Cal.2d 263, 273 [54 Cal.Rptr. 104, 419 P.2d 168]) and must be construed strictly against the insurer and

---

[2]There was no testimony as to the manner in which the accident occurred, but the complaint alleges that Andrea was burned while under Mrs. Chamberlain's care and the parties agree in their briefs that this is true.

liberally in favor of the insured (*Paramount Properties Co.* v. *Transamerica Title Ins. Co.* (1970) 1 Cal.3d 562, 569 [83 Cal.Rptr. 394, 463 P.2d 746]; *Brinkmann* v. *Liberty Mutual etc. Ins. Co.* (1965) 63 Cal.2d 41, 45 [45 Cal.Rptr. 8, 403 P.2d 136]).

We start with the proposition that the policy covers activities which, although they occur while the insured is engaged in a business pursuit, are ordinarily incident to a nonbusiness pursuit. This interpretation is compelled by the language of the provision: the exclusion applies to any business pursuit of an insured other than "activities *therein*" which are ordinarily incident to nonbusiness pursuits. The result is also in accord with decisions which have involved construction of the clause. (See *Dieckman* v. *Moran* (Mo. 1967) 414 S.W.2d 320, 322; *Gulf Insurance Company* v. *Tilley* (N.D.Ind. 1967) 280 F.Supp. 60, 64-65.)

Our only problem, therefore, is whether Mrs. Chamberlain's care of Andrea may be classified as an activity which, although a business venture, would ordinarily be incident to a nonbusiness pursuit. Defendant claims, first, that Andrea's injuries might have resulted from an accident caused by a dangerous condition in Mrs. Chamberlain's home and that if this were the case there would be no coverage because the child's injuries would not arise out of any "activities" of Mrs. Chamberlain.

There was no showing as to the manner in which the accident occurred, but the complaint alleges that Andrea was injured as the result of the "negligence and improper supervision and care" exercised by Mrs. Chamberlain. The gravamen of this allegation is that Mrs. Chamberlain was negligent either in failing to protect Andrea from some danger on the premises or that the injuries resulted from some other omission or some affirmative conduct of Mrs. Chamberlain. Even if we assumed the first of these alternative interpretations, it cannot be said, in the light of the rules set forth above, that the improper maintenance of premises for the safety of a small child or the negligent supervision of the child to avoid the hazards upon the premises is plainly outside the scope of the term "activities" as used in the policy. Thus, the reference to the "activities" of the insured is not a bar to coverage.

Nor does the remainder of the exclusionary clause preclude plaintiff's claim. It seems clear to us that at the time of the accident Mrs. Chamberlain was engaged in an activity which is "ordinarily incident to nonbusiness pursuits." Andrea was being cared for in the home while Mrs. Chamberlain simultaneously cared for her own children. She testified that even if Andrea had not been left in her charge, she would have been caring for her own children at the time of the accident, that she provided lunch for her own children as well as for Andrea, and that she prepared no

special diet for Andrea. Assuming that the care of the child constituted a business pursuit, such duties under the circumstances presented here were clearly incident to Mrs. Chamberlain's nonbusiness regimen of maintaining a household and supervising her own children. Indeed, it is difficult to conceive of an activity more ordinarily incident to a noncommercial pursuit than home care of children.

While we hold that the provision in question provides coverage, we note that other jurisdictions have held the exclusion clause to be ambiguous. (*Gulf Insurance Company* v. *Tilley, supra,* 280 F.Supp. 60, 65; *State Farm Fire & Cas. Co.* v. *National Union F. Ins. Co.* (1967) 87 Ill.App.2d 15 [230 N.E.2d 515, 516]; but see *Dieckman* v. *Moran, supra,* 414 S.W. 2d 320, 321.) The rationale of these decisions further strengthens our conclusion herein, for whether the clause is unequivocal as we believe or ambiguous as other courts have found, liability follows in the light of the basic rule that all ambiguities in an insurance policy are to be interpreted against the insurer.

Defendant appears to suggest that the provision is meant to be applicable to situations in which the insured, while engaged in some business activity, has performed an act outside the scope of his employment resulting in injury to another. Defendant relates two cases to illustrate the point.

In *Gulf Insurance Company* v. *Tilley, supra,* 280 F.Supp. 60, a child who was being cared for in the course of a business pursuit was burned by a coffee pot while the insured was preparing breakfast for a social guest. The defendant asserts that since brewing coffee is ordinarily incident to the nonbusiness function of fixing breakfast and not of caring for small children, the court's determination that the policy provided coverage was correct. A second case relied upon by defendant to illustrate its concept of the policy coverage is *State Farm Fire & Cas. Co.* v. *National Union F. Ins. Co., supra,* 230 N.E.2d 513, 516. There, a workman was injured by another employee while fixing an elevator on a customer's premises. The accident occurred when the employee in mere horseplay impulsively struck the elevator door with a rubber mallet. The hammer rebounded and struck the repairman. Fixing elevators is a business pursuit while striking an elevator door is ordinarily not incident to such occupational activity but to an independent frolic, the defendant contends, and therefore the court's holding that the policy afforded coverage was correct.

We agree that the policy should afford coverage in the factual situations related by defendant but no inconsistency follows in applying the policy clause to the facts of the instant case. Indeed, we deem the two cases and their results to be analogous to our problem, and we note that in the Illinois forum the defendant actually reached a comparable conclusion. The same

insurer is involved here as in the second case cited above. There the insurer took a position as to the meaning of the policy provision in question substantially at variance with the "course of employment" rationale it now advances, but consistent with our conclusion that coverage is provided herein.

The opinion in the Illinois case recites that State Farm advanced the following hypothetical situation as one to which coverage would apply: "[A] salesman [is] entertaining a customer on a golf course. In such event . . . the salesman would be engaged in a 'business pursuit,' and if, in the course of the game, he injured his customer while swinging his golf club, the injury would come within the exception to the exclusion of [the] policy as an activity ordinarily incident to non-business pursuits." (230 N.E.2d at p. 515.) Thus, State Farm in effect agreed in Illinois that its policy provides coverage if the insured is acting simultaneously in a business and nonbusiness capacity and the accident occurs during the course of carrying out this dual role.

Mrs. Chamberlain was undertaking acts incident to a nonbusiness pursuit at the time Andrea was injured, and therefore the accident was included in the coverage of the policy.

The judgment is reversed.

Wright, C. J., McComb, J., Peters, J., Tobriner, J., Burke, J., and Sullivan, J., concurred.