[No. B049497. Second Dist., Div. Four. Apr. 18, 1991.]

DORCAS E. LASAM et al., Plaintiffs and Appellants, v. INTERINSURANCE EXCHANGE OF THE AUTOMOBILE CLUB OF SOUTHERN CALIFORNIA, Defendant and Respondent.

COUNSEL

R. Michael Wainman for Plaintiffs and Appellants.

Gilbert, Kelly, Crowley & Jennett, Clifford H. Woosley, Michael I. D. Mercy and Peter J. Godfrey for Defendant and Respondent.

OPINION

WOODS (A. M.), P. J.—Appellant Dorcas E. Lasam (Mrs. Lasam) purchased a policy of insurance on her 1970 Pontiac from respondent Interinsurance Exchange of the Automobile Club of Southern California (Interinsurance). The policy named her son, appellant William Lasam (William), as a driver of the Pontiac. On September 5, 1985, the Pontiac was mechanically disabled. Therefore, Mrs. Lasam gave William permission to drive her 1984 Buick. The Buick was covered by a policy of insurance issued by another company which specifically excluded William from coverage. While driving the Buick, William was involved in an accident.

Appellants allege in this action that respondent breached its duty of good faith and fair dealing to them by failing, inter alia, to defend and indemnify them in a lawsuit arising from the accident. Respondent cross-complained for declaratory relief, seeking a declaration that it had no duty to defend

and indemnify appellants in the underlying action. Appellants appeal from summary judgment granted in respondent's favor.

■ The issue presented is whether the policy definition of "additional insured automobile" is clear and unambiguous so as to preclude coverage on the facts of this case. We hold that this phrase is clear and unambiguous, and that as a matter of law it should be read in favor of the respondent. Accordingly, we affirm the judgment of the trial court.

The relevant clause of the Interinsurance policy provides coverage when the insured, or a relative of the insured, is using an additional insured automobile. The policy defines "additional insured automobile" as "an automobile . . . not owned by or available for regular use to you, a relative or any resident of the same household in which you reside; . . ."[1] (Italics omitted.)

---

[1] The precise language of the policy is:
"PART I—LIABILITY
". . . . . . . . . . . . . . . . . . . .
"We will pay damages for which any person insured is legally liable because of bodily injury or property damage caused by an occurrence arising out of the ownership, maintenance or use of an automobile . . . insured under this part.
". . . . . . . . . . . . . . . . . . . .
"PERSONS INSURED—PART I
"(a) In the use of an insured automobile, the following are insured:
"(1) you;
"(2) a relative;
"(3) any person using an insured automobile with your permission;
"(4) any person or organization legally responsible for the use of an insured automobile by (1), (2) or (3) above.
"(b) In the use of an additional insured automobile, the following are insureds if you are one person or husband and wife:
"(1) you;
"(2) a relative;
"(3) any person or organization legally responsible for the use of an additional insured automobile provided the actual driver is you or a relative.
"AUTOMOBILES INSURED—PART I
"(a) Insured automobile, as defined in this part
"(b) Additional insured automobile, as defined in this part
"DEFINITIONS—PART I
"Additional insured automobile—means:
"(a) an automobile or utility trailer not owned by or available for regular use to you, a relative or any resident of the same household in which you reside; or
"(b) an automobile or utility trailer
"(1) owned by a relative or any resident of the same household in which you reside; and
"(2) covered under another automobile liability insurance policy; and
"(3) you are the actual driver.
". . . . . . . . . . . . . . . . . . . .
"You, your—means the insured named in Item 1 in the declarations and, if the insured named is one person, the spouse if a resident of the same household." (Italics omitted.)

Under the well-established rules for interpretation of an insurance policy, the words in an insurance policy are to be given their ordinary, common, and customary meaning (*City of Mill Valley* v. *Transamerica Ins. Co.* (1979) 98 Cal.App.3d 595, 602 [159 Cal.Rptr. 635]), regardless of whether it benefits the insurer or the insured. (*Guidici* v. *Pacific Automobile Ins. Co.* (1947) 79 Cal.App.2d 128, 134 [179 P.2d 337].) If there are any ambiguities or uncertainties in the interpretation of any language in the policy, those ambiguities or uncertainties will be read against the insurer. (*Ponder* v. *Blue Cross of Southern California* (1983) 145 Cal.App.3d 709, 718 [193 Cal.Rptr. 632].) When interpreting the terms of an insurance policy, the courts will not indulge in any forced construction in order to fasten liability upon an insurer which it has not assumed. (*Pacific Employers Ins. Co.* v. *Maryland Casualty Co.* (1966) 65 Cal.2d 318, 323 [54 Cal.Rptr. 385, 419 P.2d 641].)

Appellants claim the Buick is an additional insured automobile as to William because it is "an automobile not owned by or available for regular use to . . . a relative . . . ." Respondent's motion did not dispute Mrs. Lasam's declaration that the Buick was not available for William's regular use. Respondent, nonetheless, contends that the policy did not provide coverage because the Buick was owned by Mrs. Lasam and therefore was not "an automobile . . . not owned by or available for regular use to . . . [the insured]."

Appellants claim the clause in question is not ambiguous, but that if it is found to be ambiguous it must be read so as to implement the rule of construction which requires that "[a]ny ambiguity or uncertainty in an insurance policy is to be resolved against the insurer." (*Crane* v. *State Farm Fire & Cas. Co.* (1971) 5 Cal.3d 112, 115 [95 Cal.Rptr. 513, 485 P.2d 1129, 48 A.L.R.3d 1089].)

Respondent contends the clause in question is the equivalent of the "drive other automobiles" or "non-owned automobile" clauses which courts have interpreted "for over fifty years, without once finding the kind of ambiguity that Appellants claim to have discovered . . . ."

The parties have cited no case directly on point. Both parties discuss *California State Auto. Assn. Inter-Ins. Bureau* v. *Gong* (1984) 162 Cal.App.3d 518, 525 [208 Cal.Rptr. 649]. In that case, an insurance policy issued to a father for coverage of his Ford automobile excluded coverage of any vehicle owned by a resident of the insured's household. One of his sons was involved in an accident while driving a Plymouth owned by a second son. At the time of the accident both brothers were living with their father. A passenger in the Plymouth sued for personal injuries suffered in the

accident, and the insurer filed a declaratory relief action to determine whether the father's policy afforded any coverage for the accident.

The policy in *Gong* provided coverage for both owned and nonowned vehicles, but the definition of nonowned vehicles excluded an automobile owned by a resident of the named insured's household.[2] The trial court concluded the Plymouth was neither an owned nor a nonowned automobile as those terms were defined in the father's policy. The reviewing court affirmed, explaining that the policy "in clear, plain and conspicuous terms defines a 'non-owned automobile' as one *not* owned by any resident of the household of the named insured." (162 Cal.App.3d at p. 523, italics in original.)

Appellants distinguish this case from the *Gong* case on the ground that the policy clause we are called upon to interpret does not contain the "either/or" language found in the *Gong* policy. Respondent argues that its "definition of 'additional insured automobile' is basically the same as the definition of 'non-owned vehicle' in the *Gong* policy."

We find neither argument persuasive. Although the underlying facts of *Gong* are similar to those in this case, the policy language was sufficiently different to be of little value in the analysis of this case.

Nor are any of the other cases cited by the parties dispositive. Although the policy in *Interinsurance Exchange* v. *Smith* (1983) 148 Cal.App.3d 1128 [196 Cal.Rptr. 456], cited by respondent, defined "additional insured automobile" in terms identical to the policy in this case (148 Cal.App.3d at p. 1131, fn. 1), the focus of that case was the proper interpretation of the term "regular use." (148 Cal.App.3d at pp. 1133-1137.)

Appellant cites *Crane* v. *State Farm Fire & Cas. Co.*, *supra*, 5 Cal.3d at page 115, in support of her contention that the policy should be read as she, a layperson, understood it, not as an attorney or insurance expert might analyze it.[3] She contends any layperson would believe the policy provides coverage under the circumstances of this case.

---

[2] The *Gong* policy defined a nonowned automobile as " 'an automobile . . . not owned by or furnished for the regular use of either the named insured or any resident of the household of which the named insured is a resident, . . . except that a private passenger . . . automobile . . . owned by a relative and insured by [CSAA], shall be considered a non-owned automobile while operated by the named insured; . . .' " (*California State Auto. Assn. Inter-Ins. Bureau* v. *Gong*, *supra*, 162 Cal.App.3d at p. 523, italics omitted.)

[3] We note that although both parties relied on expert testimony in the trial court, neither contends in this appeal that there exists a disputed issue of fact which is material to the proper interpretation of the policy.

We disagree. A reasonable layperson, having insured a car (the 1970 Pontiac) which listed her son as a named driver, would not reasonably believe that coverage extended to her son while he was driving another car which she owned which was not covered under that policy. The clear import of the clause is that a car which is owned by the insured but not specifically described in the policy is not covered under this policy when it is being driven by a relative or resident of the same household.

Had the insurer inserted the additional words "or either of you," as appellant urges, it may well have been accused of resorting to the "legalese" which has in the past been criticized. At the least, such an addition would have created a redundancy which is both unnecessary and unwarranted. The use of commas to separate the words "you" and "a relative" together with the use of the word "or" before "any resident of the same household" was a sufficiently clear expression of the intent to exclude from coverage any automobile owned by any one of the three classes of persons specified.[4]

Therefore, the trial court properly determined that the Buick, owned and regularly used by Mrs. Lasam, was not an additional insured automobile within the meaning of the policy covering the Pontiac.

The judgment is affirmed. Each party to bear its own costs.

George, J., and Goertzen, J., concurred.

---

[4] In reaching this conclusion we are not unmindful of dicta in *Interinsurance Exchange* v. *Smith, supra,* 148 Cal.App.3d 1128, 1137-1138, where the court explained the purpose of the clause as follows: "The 'additional insured automobile' provision in the auto liability policy was intended to provide coverage for occasional use of other cars without requiring payment of additional premiums. For obvious reasons, coverage was not intended to include the *regular* use of other cars because insurance companies would necessarily bear an increased risk without receiving a related increase in premiums. Specifically, the exclusion serves to prevent a situation in which the members of one family or household may have two or more automobiles actually or potentially used interchangeably but with only one particular automobile insured. [Citations.]" As we have pointed out, the focus of the *Smith* case was the issue of what constituted regular use.