60 F.3d 834
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Sophie SCHIMMELFENNIG, Plaintiff-Appellant,
v.
STATE FARM FIRE AND CASUALTY COMPANY, Defendant-Appellee.
 No. 93-17203.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted June 13, 1995.
Decided July 7, 1995.
 
 Appeal from the United States District Court, for the Northern District of California, D.C. No. CV-93-00834-FMS; Fern M. Smith, District Judge, Presiding.
 N.D.Cal.
 REVERSED IN PART, AFFIRMED IN PART, REMANDED.
 
 
 1
 Before: GOODWIN, FARRIS, and KLEINFELD, Circuit Judges
 
 
 2
 MEMORANDUM*
 
 
 3
 Sophie Schimmelfennig appeals a summary judgment awarded to State Farm in this diversity action for breach of contract to defend under her homeowner's policy. She contends that the district court erred in concluding that the record presented no material question of fact concerning State Farm's duty to defend and indemnify her in a tort case she lost in the Superior Court.
 
 BACKGROUND
 
 4
 Schimmelfennig raises chickens in five buildings located on her ten-acre parcel of land which also includes her residence. A common fence, roughly 400 feet long, separates Schimmelfennig's property from the adjacent parcel owned by Wallace Currie and Sandra Wardlaw.
 
 
 5
 Approximately five times per year, Schimmelfennig uses her tractor to scrape chicken droppings and debris out of the barns. This material is left in piles behind the barns about 10 feet from the common fence. The material is periodically picked up by a fertilizer company. After the material is picked up, Schimmelfennig cleans the area with her tractor. She stated in her deposition that she also uses her tractor at least twice a year to cut weeds on her property, including along the fence line.
 
 
 6
 In 1987, Currie and Wardlaw, offended by the smell of chicken production and blowing feathers, sued Schimmelfennig in California Superior Court, alleging damages from odors and fence destruction. They recovered a judgment for damage to the common fence.
 
 
 7
 Schimmelfennig timely tendered the defense to State Farm under her homeowner's insurance policy, but State Farm denied the tender of defense on the ground that Schimmelfennig's potential liability fell within the policy's business pursuits exclusion.
 
 
 8
 After satisfying the $5,750 judgement in the Currie/Wardlaw action, Schimmelfennig filed this action in California Superior Court alleging breach of contract, intentional and negligent misrepresentation, and bad faith. State Farm removed the case on diversity grounds and moved for summary judgement on its counterclaim for a declaration that it had no duty to defend or indemnify Schimmelfennig.
 
 DISCUSSION
 
 9
 State Farm's contractual duties required it to accept the defense or reject it on the basis of the facts alleged in the tort action against the insured. State Farm is not entitled to rely upon the state court jury verdict as proof that the damages sued for were caused by activity that was either covered or not covered by the policy, as none of the relevant questions on that subject were litigated in the tort case.
 
 
 10
 California law requires an insurer to defend its insured against lawsuits if: (1) the suit raises the potential for covered losses; or (2) ambiguous policy language leads the insured to reasonably expect that a defense will be provided. Gray v. Zurich Ins. Co., 54 Cal.Rptr. 104, 110-13 (1966); see also Chamberlain v. Allstate Ins. Co., 931 F.2d 1361, 1364 (9th Cir.1991).
 
 
 11
 The homeowner's policy purchased by Schimmelfennig covers suits for bodily injury or property damage. The policy contains an exclusion, however, for damages arising from the insured's "business pursuits." The policy's definition of "business" includes farming. The exclusion contains an exception that provides coverage for activities that are "ordinarily incident to non-business pursuits."
 
 
 12
 Schimmelfennig asserted several alternative theories of coverage before the district court. Each was rejected. On appeal, she contests only the district court's conclusion that the fence was damaged while she was using her tractor in connection with her poultry raising, a business pursuit, and thus no coverage existed.
 
 
 13
 Schimmelfennig's argument on appeal is that her tractor was used both in her poultry business and twice a year in cutting weeds on her residential property. Her house is roughly 1000 feet from the chicken barns. By her own admission, she clears weeds in the fields, and along the fences, not in the landscaped area around or near the house.
 
 
 14
 Schimmelfennig contends that State Farm did not know with certainty the cause of the fence damage at the time it denied her tender of coverage. Indeed, she claims she did not know the cause, but thought it was caused by the plaintiff neighbors' animals. According to Schimmelfennig, a possibility existed that the damage occurred while she was using her tractor to clear weeds, an activity which is "ordinarily incident to a noncommercial pursuit." This possibility, she argues, created a potential for coverage that obligated State Farm to accept her tender of defense.
 
 
 15
 Schimmelfennig relies on California caselaw for the proposition that if an activity has both business and nonbusiness purposes, the "nonbusiness pursuit" exception to the business pursuits exclusion provides coverage. Crane v. State Farm Fire & Casualty Co., 95 Cal.Rptr. 513 (1971) (nonbusiness pursuit exception applies where insured providing child care services for others while taking care of her own children).
 
 
 16
 State Farm, however, relies on other California decisions for the proposition that even where an activity serves business and nonbusiness purposes, the business pursuit exclusion applies if the primary motivation and benefit of the activity is business related. West American Ins. Co. v. California Mutual Ins. Co., 240 Cal.Rptr. 540 (Cal.App.1987) (business exception applies where insured entertaining employees at his house on pay-day when fight erupted); Fire Ins. Exchange v. Jiminez, 229 Cal.Rptr. 83 (Cal.App.1986) (business exception applies where insured removing roof connected to his commercial building). The cases on which State Farm relies, however, are intermediate state court cases and cannot overrule the California Supreme Court decision in Crane. They do not cite Crane and cannot be read as intentionally narrowing it.
 
 
 17
 State Farm contends that there is no evidence whatsoever that Schimmelfennig was using her tractor to clear weeds along the boundary fence when the damage occurred. State Farm's chief contention is that the damage occurred, if caused by the tractor at all, when it was being used to scrape manure and to perform other work connected with the chicken business. Alternatively, State Farm argues that even if the fence was damaged while the tractor was used in weed control, weed clearance in the area of fence damage was primarily a business pursuit. State Farm stresses that the nonbusiness pursuits exception applies only to activities which were actually undertaken for nonbusiness reasons, not to those which merely could have had a nonbusiness purpose.
 
 
 18
 The material question of fact Schimmelfennig insists is lurking in the record is whether the fence injury was caused by a homeowner cutting weeds (covered activity) or by a homeowner chicken grower scraping droppings in connection with the chicken business (uncovered activity). Schimmelfennig asserts on appeal that this question could not be summarily decided by a judge without drawing reasonably disputable inferences from circumstantial and photographic evidence as well as from the pleadings and affidavits filed with the motion papers.
 
 
 19
 Schimmelfennig's declaration filed in response to State Farm's summary judgment motion contains no explanation for the cause of the fence damage. State Farm argues that if Schimmelfennig had damaged the fence while cutting weeds, she would have said so in her declaration. This is a good argument to make to a jury.
 
 
 20
 The record evidence indicates that the fence was damaged by an unknown person or persons or animals engaged in undescribed activity. One has to consult the California tort case that State Farm refused to defend, and even from the sparse record we have from that source, it is unclear who did what and with what to the fence. The jury held Schimmelfennig liable, but did not need to define the activity that caused the fence to deteriorate. The affidavits and other documents in the record in the district court shed little light on the cause of the damage to the fence. There are pictures in the record showing healthy weed growth along the fence line, but there is no evidence that the weeds were cut by a tractor-borne weed cutter, or that the weed cutting actually affected the health of the fence. Some of the pictures are also consistent with a horse or a cow placing weight on the top of the woven wire fence while reaching for a tasty bit of vegetation on the Schimmelfennig side of the fence. Again, this evidence appears to be better suited to evaluation by a jury than by a judge ruling on a motion for summary judgment.
 
 
 21
 Under California law, the duty to defend is broader than the duty to indemnify. Horace Mann Ins. Co. v. Barbara B., 17 Cal.Rptr.2d 210, 213 (1993). But it is not without limits. Giddings v. Industrial Indem. Co., 169 Cal.Rptr. 278, 280 (Cal.App.1980). Where no potential for coverage exists, the insurer need not provide the insured with a defense. Id.; see also Chamberlain v. Allstate Ins. Co., 931 F.2d 1361, 1364 (9th Cir.1991). By the same token, where the potential for coverage does exist, California law expects the Insurer to step forward and defend. Crane v. State Farm, 95 Cal.Rptr. 513.
 
 
 22
 As for the narrower duty to indemnify, the burden of proving the applicability of an exception to an insurance policy exclusion is on the insured. Aeroquip Corp. v. Aetna Cas. and Sur. Co., 26 F.3d 893, 895 (9th Cir.1994) (per curiam). Accordingly, to get beyond summary judgment on the duty to indemnify, Schimmelfennig had to produce some evidence establishing that the damage for which the state court jury awarded judgment against her was not related to her chicken business. She failed to produce any explanation that would support going to trial on the duty to indemnify. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).
 
 
 23
 On the other hand, with respect to the contractual duty to defend the state court claims against her, while the tort case clearly attempted to tie Schimmelfennig's chicken business into the cause of the neighbors' complaints, and while the activities associated with the chicken business clearly could have been in the mind of the jury when it awarded damages, it is also entirely possible, at the pleading stage when the duty to defend is called into question, that a state of facts could have been presented to the state court that would have required State Farm to indemnify the insured.
 
 
 24
 At the time State Farm rejected Schimmelfennig's tender of defense, there was, as now, no direct proof that the fence damage occurred as a result of weed control on the property or to what extent Schimmelfennig's efforts in weed control were related to business. The mystery was left to inference. Schimmelfennig offerred the trial court a hypothetical explanation for the fence damage; but this did not create a potential for coverage in the absence of any supporting facts. Giddings, 169 Cal.Rptr. at 282 (no duty to defend where insured's assertions of coverage "rest entirely on speculation and conjecture"). Nor did the policy language provide her with a reasonable expectation of coverage. Producers Dairy Delivery Co., 226 Cal.Rptr. 558, 562-63 (1986).
 
 
 25
 The strongest record evidence is Schimmelfennig's affidavit that she "would use her tractor" for weed control to reduce the fire hazard that would endanger her residence and barns if weeds were left uncontrolled. In the Livermore Valley it probably requires no proof that uncontrolled weeds can constitute a fire hazard, but this is not a fire insurance case. The question in this case is whether it was so clear from the pleadings pre-trial in the tort case that no state of facts might emerge that would explain the damages to a fence as having been caused by Schimmelfennig's weed control activities as a homeowner instead of by her manure scraping activities, or some other business related activities causing the damages complained of.
 
 
 26
 We believe the forgoing discussion of the facts that can be gleaned from the record suggest that a jury question lurked in the inferences that could be drawn from the sparse facts set forth in the motion papers. Accordingly, the case should not have been summarily terminated as to State Farm's duty to defend. While the trial court correctly found that nothing in the record would satisfy Schimmelfennig's burden to show that State Farm had a duty to indemnify her, it does not follow that she could not make a colorable case for a duty to defend. The district court properly granted summary judgment to State Farm on the indemnity issue. On remand, the district court is free to consider the correct measure of damages under California law for a failure to defend, should it be established by further proceedings that there was in fact a duty to defend. Neither party is entitled to costs on this appeal.
 
 
 27
 REVERSED IN PART, AFFIRMED IN PART AND REMANDED
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3