141 F.3d 1175
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
ENVIROTECH INDUSTRIES, INC., a California corporation, Ruth
Bean; Ralph Bean, Plaintiffs-counter-defendants--Appellants,
v.
UNITED CAPITOL INSURANCE COMPANY, Defendant-co
unter-claimant--Appellee.
Envirotech Industries, Inc. a California corporation, Ruth
Bean; Ralph Bean, Plaintiffs-counter-defendants--Appellees,
v.
United Capitol Insurance Company, Defendant-co
unter-claimant--Appellant.
 Nos. 96-55935, 96-55990.
D.C. No. CV-95-01108-JMI (CFE).
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Nov. 5, 1997.
Decided March 26, 1998.
 
 Appeals from the United States District Court for the Central District of California, James M. Ideman, District Judge, Presiding, Charles F. Eick, Magistrate Judge, Presiding.
 Before GIBSON,** KOZINSKI, and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 After a careful review of the record and the parties' arguments, we affirm the direct appeal and reverse the cross-appeal for the reasons set forth below.
 
 
 3
 * First, United Capitol Insurance Company's (United's) initial declination of the tender of defense of the underlying action was proper. "The determination whether the insurer owes a duty to defend usually is made in the first instance by comparing the allegations of the complaint with the terms of the policy." Horace Mann Ins. Co. v. Barbara B., 4 Cal.4th 1076, 17 Cal.Rptr.2d 210, 846 P.2d 792, 795 (Cal.1993). We analyze an insurer's duty to defend based on the facts available to the insurer at the time of the tender of defense. See Aetna Cas. and Sur. Co., Inc. v. Centennial Ins. Co., 838 F.2d 346, 350 (9th Cir.1988). Terms and conditions of an insurance policy which are clear and unambiguous will be given full force and effect. See AIU Ins. Co. v. The Superior Ct. of Santa Clara County, 51 Cal.3d 807, 274 Cal.Rptr. 820, 799 P.2d 1253, 1264 (Cal.1990).
 
 
 4
 Here, the insurance policy clearly provided that the "insurance applies ... only if caused by an offense ... [c]ommitted ... during the policy period." E.R. 108; Ex. 36; at 3. Upon comparing the policy with the facts alleged in the underlying complaint, United reasonably determined that the facts did not give rise to coverage because no facts indicated that any advertising offense was committed during the policy period of February 15, 1992 to February 15, 1993. Instead, the facts in the complaint clearly alleged that the relevant conduct commenced "on or about November 1, 1991, and until ... on or about February 5, 1992," E.R. 111; Ex. A; at 3, and "during the employment of" the Beans, which ceased before February 15, 1992. Id. at 6.
 
 
 5
 In addition, United had no duty to defend because a policy exclusion clearly precluded coverage. See Fire Ins. Exchange v. Jiminez, 184 Cal.App.3d 437, 229 Cal.Rptr. 83, 83-84 (Cal.Ct.App.1986). Here, United reasonably found that the policy's prior publication exclusion negated the possibility of coverage. "This insurance does not apply to ... 'advertising injury' ... [a]rising out of ... material whose first publication took place before the beginning of the policy period." E.R. 108; Ex. 36; at 3. The facts alleged in the complaint did not reveal any possibility of coverage because the relevant conduct allegedly first occurred prior to the policy's inception.
 
 
 6
 Moreover, we conclude that United's investigation regarding its duty to defend and its analysis of the policy and the underlying complaint were proper. United provided Envirotech with a detailed letter explaining its rationale for declining coverage and requesting that Envirotech submit any additional factual information that might affect United's initial response. After receiving this letter, Envirotech waited approximately a year before submitting any such information. United possessed no factual information indicating potential liability and, thus, had no duty to defend. See Continental Cas. Co. v. City of Richmond, 763 F.2d 1076, 1083-84 (9th Cir.1985). For these reasons, we affirm the district court's decision that United's initial refusal to defend was proper.
 
 II.
 
 7
 Second, we conclude that United did not commit bad faith because the policy provided no potential basis for coverage and no duty to defend ever arose.[1] See Waller v. Truck Ins. Exchange. Inc., 11 Cal.4th 1, 44 Cal.Rptr.2d 370, 900 P.2d 619, 638-39 (Cal.1995).
 
 
 8
 Even if potential coverage existed under the policy based on the March 17, 1992 letter, Envirotech nonetheless failed to establish United's bad faith because Envirotech did not show that United acted without proper cause in refusing to bestow the policy benefits. See Safeco Ins. Co. of America v. Guyton, 692 F.2d 551, 557 n. 7 (9th Cir.1982). See also Hydro Systems, Inc. v. Continental Ins. Co., 929 F.2d 472, 477 (9th Cir.1991) (Where the initial facts available to the insurer "dictated that coverage was not available under the policy ..., [the insurer] was under no duty to investigate the entire underlying claim" and did not commit bad faith.). Instead, we find that United's conduct was reasonable and did not rise to the level of bad faith. See Hanson v. Prudential Ins. Co. of America, 783 F.2d 762, 766 (9th Cir.1985). Accordingly, we affirm the district court's decision that United did not breach the implied covenant of good faith.
 
 
 9
 On the other hand, we reverse the district court's decision to the extent that it found United's withdrawal from the defense improper. After a careful review of the record, we conclude that United had the right to withdraw because United properly reserved this right in its reservation of rights letter and correctly determined that no duty to defend arose because there was no evidence potentially implicating coverage under the policy. See Montrose Chemical Corp. of Cal. v. The Superior Ct. Of Los Angeles County, 6 Cal.4th 287, 24 Cal.Rptr.2d 467, 861 P.2d 1153, 1157, 1159-61 (Cal.1993); Michaelian v. State Compensation Ins. Fund, 50 Cal.App.4th 1093, 58 Cal.Rptr.2d 133, 136 (Cal.Ct.App.1996).
 
 
 10
 By withdrawing from the defense before seeking a judicial declaration of non-coverage, United risked that its refusal to defend might subject it to eventual liability for bad faith, provided a duty to defend did, in fact, exist. See Montrose, 24 Cal.Rptr.2d 467, 861 P.2d at 1161. However, we interpret the California Supreme Court's holding in Montrose as not requiring an insurer to first receive a judicial declaration of non-coverage before withdrawing from the defense when no duty to defend exists and the insurer properly reserved its right to withdraw. See id. Therefore, United did not commit bad faith nor breach the insurance contract by withdrawing before receiving such a declaration because no duty to defend arose. As such, we reverse the district court's decision that United's withdrawal of defense was improper.
 
 III.
 
 11
 Third, because we determined that United did not commit bad faith, Ruth Bean's request for emotional distress damages must fail. See Waters v. United Services Automobile Ass'n., 41 Cal.App.4th 1063, 48 Cal.Rptr.2d 910, 913 (Cal.Ct.App.1996) (recovery of emotional distress damages requires bad faith and financial loss). We therefore affirm the district court's denial of emotional distress damages.
 
 IV.
 
 12
 Fourth, Envirotech's request for punitive damages similarly fails because United did not commit bad faith. Without proof of the underlying tort, punitive damages are not recoverable. See Patrick v. Maryland Cas. Co., 217 Cal.App.3d 1566, 267 Cal.Rptr. 24, 30 (Cal.Ct.App.1990). We therefore affirm the district court's denial of punitive damages against United.
 
 V.
 
 13
 Fifth, after reviewing the record and the parties' arguments, we conclude the district court properly limited Envirotech's deposition of United's attorneys. United retained the attorneys to function as coverage counsel as opposed to claims handlers. Thus, the attorney-client and work product privileges applied. See Aetna Cas. and Sur. Co. v. The Superior Ct. of the City and County of San Francisco, 153 Cal.App.3d 467, 200 Cal.Rptr. 471, 475-78 (Cal.Ct.App.1984).
 
 VI.
 
 14
 Sixth, we reverse the district court's refusal to allocate defense costs. Based on our prior determination that the claims raised in the underlying action were not potentially covered under the policy, United was entitled to reimbursement for all defense costs paid.[2] See Buss v. Superior Ct. of Los Angeles County, 16 Cal.4th 35, 65 Cal.Rptr.2d 366, 939 P.2d 766, 776 (Cal.1997); St. Paul Mercury Ins. Co. v. Medical Lab. Network, Inc., 690 F.Supp. 901, 904 (C.D.Cal.1988).
 
 
 15
 In any event, even if the March 17, 1992 letter potentially raised a covered claim for advertising injury under the policy, United would nonetheless be entitled to allocation and reimbursement for costs allocated solely to the other claims that were not potentially covered under the policy. See Buss, 65 Cal.Rptr.2d 366, 939 P.2d at 776-78. After reviewing the record, we find that United clearly proved by a preponderance of the evidence that any small costs potentially attributable to the alleged misrepresentation claim clearly fell within the policy's $25,000 deductible. Thus, under either rationale, United owes Envirotech no attorneys' fees or costs.
 
 
 16
 In sum, United is entitled to reimbursement in the amount of $80,413--representing United's previous payments to Envirotech of $61,458 and $18,955. Therefore, we reverse the district court's decision that United was not entitled to allocation and, consequently, reimbursement of the defense costs it paid in the underlying action.
 
 
 17
 Finally, in light of our disposition entirely in United's favor on appeal, Envirotech was clearly not the prevailing party. See C.D.Cal. Local Rule 16.2.1. As such, Envirotech was not entitled to the award of costs of $10,471.42. We therefore reverse the district court's award. Likewise, Envirotech's request for attorney fees on appeal is also denied.
 
 
 18
 AFFIRMED on the direct appeal; REVERSED on the cross-appeal.
 
 
 
 **
 The Honorable Floyd R. Gibson, Senior Circuit Judge for the Eighth Circuit, sitting by designation
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 For the reasons expressed in Part I of our disposition and after considering the evidence and the parties' arguments, we also find that no potential for coverage under the policy ever existed; therefore, no duty to defend ever arose. See Aerojet-General Corp. v. Transport Indemnity Co., No. S054501, 1997 WL 79224, at * 10-11, * 17-18 (Cal. Dec. 29, 1997)
 
 
 [2]
 In light of this determination, we need not address Envirotech's arguments regarding (1) the district court's reduction in the rate of attorney's fees to $135.00 per hour and (2) the district court's deduction of $44,981.17--the amount received by Ralph Bean in the underlying action--from its award of defense costs. In addition, we need not address the district court's refusal to deduct Envirotech's $17,500 settlement award--received from its former attorneys--from the award of defense costs because we conclude that United owes Envirotech no defense costs for the underlying action
 Moreover, we reject Envirotech's arguments regarding the inapplicability of the $25,000 deductible because we find that the endorsement was conspicuous, plain, and clear. See Crane v. State Farm Fire and Cas. Co., 5 Cal.3d 112, 95 Cal.Rptr. 513, 485 P.2d 1129, 1130 (Cal.1971).