NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MICHAEL FEIZ MEDICAL CORP., | No. 15-56652 |
| Plaintiff-Appellant, | D.C. No. 2:15-cv-04195-MWF-PJW |
| v. | |
| SCOTTSDALE INSURANCE CO., | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Central District of California
Michael W. Fitzgerald, District Judge, Presiding

Argued and Submitted April 5, 2017
Pasadena, California

Before: M. SMITH and N.R. SMITH, Circuit Judges, and FEINERMAN, District Judge.[**]

Plaintiff Michael Feiz Medical Corporation appeals from the district court's

denial of its summary judgment motion and grant of Defendant Scottsdale

Insurance Company's cross-motion for summary judgment. The parties dispute

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The Honorable Gary Feinerman, District Judge for the U.S. District Court for the Northern District of Illinois, sitting by designation.

whether Feiz's business liability insurance policy (the policy) requires Scottsdale to indemnify Feiz for two components—prejudgment interest on the breach of contract damages, and attorney fees and costs—of an adverse arbitration award in a case brought by a former employee against Feiz for breach of employment contract and related California Labor Code violations. The district court held that Scottsdale did not promise to indemnify Feiz for those amounts. We affirm in part, reverse in part, vacate in part, and remand for further proceedings.

Under California law, language in an insurance policy is given its ordinary meaning as a layperson would understand it, and ambiguities are resolved in favor of coverage. *See AIU Ins. Co. v. Superior Court*, 799 P.2d 1253, 1264-65 (Cal. 1990); *Crane v. State Farm Fire & Cas. Co.*, 485 P.2d 1129, 1130 (Cal. 1971). Exclusionary language must be "plain and clear," and is "construed strictly against the insurer." *See Crane*, 485 P.2d at 1130.

1. As to the arbitrator's award of prejudgment interest on the breach of contract damages, we reverse the district court's ruling; the policy requires Scottsdale to indemnify Feiz. The policy requires Scottsdale to pay any "Loss" that Feiz incurred if it were sued for an "Employment Practices Wrongful Act." Among those wrongful acts is "breach of an actual or implied employment contract." The policy's definition of "Loss" includes "damages, judgments,

2

settlements, front pay and back pay, [and] *pre-judgment or post judgment interest awarded by a court*" (emphasis added).

Scottsdale identifies no policy language that unambiguously negates the policy's express promise of coverage for prejudgment interest. The policy language on which Scottsdale relies excluded from coverage "amounts owed under any employment contract." However, the employment contract at issue is silent on prejudgment interest, and it therefore cannot be said that prejudgment interest is owed under that contract. Scottsdale next argues that California law treats prejudgment interest as a component of the underlying contract damages, which the policy indisputably excludes from coverage because it is an "amount[] owed under any employment contract." But the relevant question is how the contract damages and prejudgment interest were treated not under *California law*, but under the *policy*. The policy expressly referred to "damages" *and* "prejudgment … interest" separately in its promise of coverage. *Id*. If the policy treated prejudgment interest as part and parcel of damages, there would have been no need to mention prejudgment interest in the promise of coverage. Therefore, because prejudgment interest is expressly included in the policy's coverage, and there is no "plain and clear" language excluding that coverage, Scottsdale must indemnify Feiz for amount of the prejudgment interest award.

3

2.  As to the award of attorney fees and costs, we affirm the district court only to the extent that it held Scottsdale is not required to indemnify Feiz for attorney fees and costs attributable to the breach of contract claim, but we vacate and remand for further proceedings on the indemnification of attorney fees and costs attributable to the California Labor Code claims.

The arbitrator awarded attorney fees and costs under the employment contract, which expressly provided for the payment of such costs and fees required to enforce the terms of the contract.  Although attorney fees and costs are generally included in the policy's coverage, the policy expressly excludes from coverage "amounts owed under any employment contract."  Because the attorney fees and costs spent on the breach of contract claim are "amounts owed under [the] employment contract," the district court correctly held those amounts are excluded from coverage, and Scottsdale is not required to indemnify Feiz for those amounts.

However, by pegging the fees and costs award solely to the contract claim, the arbitrator neglected to determine what amount of fees and costs was spent on the Labor Code claims.[1]  Under California law, Feiz is entitled to attorney fees and

---

[1] The happenstance that the arbitrator lumped all the fees and costs together and deemed them awarded only under the contract does not relieve Scottsdale of its duty to indemnify; rather, the court must look past the labels used to describe a judgment to the nature of the obligation that underlies it.  *See Vandenberg v. Superior Court*, 982 P.2d 229, 245 (Cal. 1999) ("[C]ourts must focus on the nature of the risk and the injury, in light of the policy provisions, to [determine coverage].").

costs spent on the Labor Code claims. *See* California Labor Code section 218.5 (an employee who prevails in an action for the nonpayment of wages is entitled to attorney fees and costs); *Kirby v. Immoos Fire Prot., Inc.*, 274 P.3d 1160, 1167 (Cal. 2012). Those fees and costs fall within the policy's coverage for "reasonable and necessary legal costs, charges, fees, and expenses," and there are no applicable exclusions that remove these costs and fees from coverage. Therefore, Scottsdale must indemnify Feiz for these amounts.

On remand, the district court should apportion the attorney fees and costs attributable to arbitrating the Labor Code claims and those attributable to arbitrating the breach of contract claims, and require Scottsdale to indemnify Feiz only for those fees and costs apportioned to the Labor Code violations.

**REVERSED in part as to prejudgment interest, AFFIRMED in part and VACATED in part as to attorney fees and costs, and REMANDED**.