Filed 4/24/15  Williams v. Digius CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| JOENATHAN WILLIAMS,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>NASSER DIGIUS et al.,<br><br>    Defendants and Appellants. | D064183<br><br><br><br>(Super. Ct. No.<br> 37-2012-00092569-CU-OE-CTL) |

APPEAL from an order of the Superior Court of San Diego County, Joel Pressman, Judge.  Affirmed in part, reversed in part and remanded with directions.

Boudreau Williams and Jon R. Williams for Defendants and Appellants.

The McMillan Law Firm and Scott A. McMillan for Plaintiff and Respondent.

Defendants Rancho Digius, LLC (Rancho), Nasser Digius (Nasser), and Ali Digius (Ali) (together Defendants) appeal an order denying their motion to compel arbitration of an action filed against them by plaintiff Joenathan Williams alleging causes of action for violations of the Labor Code and other causes of action arising out of Williams's employment as an on-site apartment manager.  The trial court concluded

Defendants did not have standing to assert the arbitration provision contained in the employment contract between Williams and the apartment complex's management company. On appeal, Defendants contend: (1) the trial court erred by concluding they, as nonsignatories to the contract, did not have standing to assert its arbitration provision; and (2) they did not waive their right to enforce the arbitration provision. We requested, and have received and considered, supplemental briefs by the parties on the following issues: (1) to what extent does Labor Code section 229 apply to preclude potential enforcement of the contractual arbitration provision as to one or more of Williams's causes of action; (2) to what extent is Williams's injunctive relief cause of action under Business and Professions Code section 17200 subject to potential enforcement of the contractual arbitration provision; (3) whether the employment contract's arbitration provision covers Williams's statutory claims under the Labor Code; and (4) what discretion, if any, does the trial court have to stay arbitration proceedings if some of Williams's causes of action are arbitrable and some are not?

FACTUAL AND PROCEDURAL BACKGROUND

Rancho owns a 16-unit apartment complex in San Diego (Property). Rancho apparently hired Cynmik Properties, Inc., doing business as Calsur Management and Realty (Calsur), to manage the Property. On or about August 25, 2008, Calsur hired Williams to be the Property's on-site manager and entered into an on-site employment agreement (Contract) with him. The Contract included an arbitration provision, stating in relevant part:

2

"**11.  Arbitration of Disputes:** *Any* controversy [or] *claim arising out of or related to this Agreement*, or the breach thereof, except for unlawful detainer actions or any dispute that arises from [Calsur's] action to regain possession of the premises, or action brought for wages before the California Labor Commissioner or related to workers' compensation, *shall be settled by* [a]*rbitration* in accordance with the rules of the American Arbitration Association. [Calsur] will pay the costs for the arbitrator and hearing room.  Any arbitration award rendered must be in writing, setting forth the reasons for the decision and may be entered as a judgment in any court of competent jurisdiction.  Arbitration decisions/awards issued pursuant to this Agreement are final and binding. [¶] . . . [¶]

"**Notice:**  By initialing in the space below, you are agreeing to have any dispute arising out of this Agreement decided by neutral arbitration as provided by law and you are giving up any rights you might possess to have the dispute litigated in a court or jury trial. The parties shall be allowed to conduct relevant discovery as is allowed under the California Code of Civil Procedure in arbitration matters and as further allowed under the National Rules for the Resolution of Employment Disputes."  (Italics added.)

On or about September 1, 2011, Calsur terminated Williams's employment.  In February 2012, Williams filed a complaint against Nasser, Ali, and Calsur, alleging causes of action for: (1) failure to pay minimum wage (Lab. Code, §§ 1194, 1197); (2) failure to provide accurate itemized wage statements (Lab. Code, § 226); (3) failure to comply with request to inspect personnel file (Lab. Code, § 226); (4) failure to pay wages on discharge (Lab. Code, §§ 201, 203); (5) breach of the implied covenant of good faith and fair dealing; (6) fees, costs, and penalties for Defendants' violations of the Labor Code (Lab. Code, § 2699); (7) conversion; and (8) unfair competition (Bus. & Prof. Code, § 17200).  Williams attached a copy of the Contract to the complaint.  Thereafter,

3

Williams apparently added Rancho as a defendant.[1]  Nasser, Ali, and Rancho each filed answers to the complaint, and Calsur filed for bankruptcy.  After the bankruptcy court ruled Williams's action was not subject to its bankruptcy stay, Defendants filed a motion to compel arbitration of his action, relying on the arbitration provision in the Contract. Williams opposed the motion.

The trial court issued a tentative ruling denying the motion to compel arbitration on the ground Defendants had waived their right to compel arbitration by taking steps inconsistent with arbitration.  However, after hearing arguments of counsel, the court issued a minute order denying Defendants' motion to compel arbitration on the ground Defendants were not parties to the Contract and therefore did not have standing to enforce its arbitration provision.  Defendants timely filed a notice of appeal.

## DISCUSSION

## I

### *Defendants' Standing to Enforce the Contract's Arbitration Provision*

Defendants contend the trial court erred by concluding they did not have standing to enforce the Contract's arbitration provision because they were not parties to the Contract.  They argue that as alleged agents of Calsur, a party to the Contract, they may invoke the arbitration provision and compel arbitration of Williams's causes of action against them.

---

[1]     Although the record on appeal does not appear to contain a copy of any document filed by Williams adding Rancho as a defendant, the record supports the inference, and the parties appear to agree, that Rancho was added as a defendant to Williams's action.

A

"Generally speaking, one must be a party to an arbitration agreement to be bound by it or invoke it." (*Westra v. Marcus & Millichap Real Estate Investment Brokerage Co., Inc.* (2005) 129 Cal.App.4th 759, 763.) "The strong public policy in favor of arbitration does not extend to those who are not parties to an arbitration agreement, and a party cannot be compelled to arbitrate a dispute that he has not agreed to resolve by arbitration." (*Benasra v. Marciano* (2001) 92 Cal.App.4th 987, 990.) However, "[t]here are exceptions to the general rule that a nonsignatory to an agreement cannot be compelled to arbitrate and cannot invoke an agreement to arbitrate, without being a party to the arbitration agreement. [Citation.] A nonsignatory to an agreement to arbitrate may be required to arbitrate, and may invoke arbitration against a party, if a preexisting confidential relationship, such as an agency relationship between the nonsignatory and one of the parties to the arbitration agreement, makes it equitable to impose the duty to arbitrate upon the nonsignatory." (*Westra*, at p. 765.)

B

We conclude the trial court erred by concluding Defendants did not have standing to enforce the Contract's arbitration provision. As Defendants note, Williams's complaint alleged that all "Defendants[,] and each of them, . . . were the agents . . . of its co-defendants, and each was, as such, acting within the course, scope and authority of said agency . . . with the consent, permission and authorization of each of the remaining Defendants." In *Thomas v. Westlake* (2012) 204 Cal.App.4th 605, 614-615, we concluded those types of allegations are sufficient to permit nonparty defendants to

5

enforce an arbitration agreement. We stated: "[A] plaintiff's allegations of an agency relationship among defendants is sufficient to allow the alleged agents to invoke the benefit of an arbitration agreement executed by their principal even though the agents are not parties to the agreement." (*Ibid.*; see also *Dryer v. Los Angeles Rams* (1985) 40 Cal.3d 406, 418; *24 Hour Fitness, Inc. v. Superior Court* (1998) 66 Cal.App.4th 1199, 1210 ["While these defendants are not parties to the contract between Munshaw and Nautilus, they are entitled to the benefit of the arbitration agreement if, as the complaint alleges, they were acting as agents for Nautilus."].) "Having alleged all defendants acted as agents of one another, [the plaintiff] is bound by the legal consequences of his allegations." (*Thomas*, at p. 614.) "[I]t would be unfair to defendants to allow [the plaintiff] to invoke agency principles when it is to his advantage to do so, but to disavow those same principles when it is not." (*Id.* at p. 615.) Because Williams alleged they acted as agents of Calsur, a party to the Contract, Defendants are entitled to invoke the Contract's arbitration provision even though they are not parties or signatories to the Contract. (*Id.* at pp. 614-615; *Dryer*, at p. 418; *24 Hour Fitness, Inc.*, at p. 1210; cf. *Rowe v. Exline* (2007) 153 Cal.App.4th 1276, 1286-1290; *Turtle Ridge Media Group, Inc. v. Pacific Bell Directory* (2006) 140 Cal.App.4th 828, 833; *Boucher v. Alliance Title Co., Inc.* (2005) 127 Cal.App.4th 262, 272-273.) The fact Defendants filed answers denying his allegations of agency does not preclude them from relying on his agency allegations to enforce the Contract's arbitration provision.

6

## II

### *Waiver of Arbitration*

Williams asserts the trial court's order denying Defendants' motion to compel arbitration can be upheld on the alternative ground of waiver as the court found in its tentative ruling. However, Defendants argue their motion to compel arbitration was timely filed and Williams did not show he was prejudiced by the delay in the filing of their motion.

### A

"Federal and state laws reflect a strong public policy favoring arbitration . . . . [Citations.] Nonetheless, federal and California courts may refuse to enforce an arbitration agreement 'upon such grounds as exist at law or in equity for the revocation of any contract,' including waiver." (*Lewis v. Fletcher Jones Motor Cars, Inc.* (2012) 205 Cal.App.4th 436, 443-444.) "State law, like the FAA [Federal Arbitration Act], reflects a strong policy favoring arbitration agreements and requires close judicial scrutiny of waiver claims. [Citation.] Although a court may deny a petition to compel arbitration on the ground of waiver ([Code Civ. Proc.,] § 1281.2, subd. (a)), waivers are not to be lightly inferred and the party seeking to establish a waiver bears a heavy burden of proof." (*St. Agnes Medical Center v. PacifiCare of California* (2003) 31 Cal.4th 1187, 1195 (*St. Agnes*).) Code of Civil Procedure section 1281.2 provides that, on a petition to compel arbitration, a trial court shall order the parties to arbitrate a controversy if it determines an agreement to arbitrate the controversy exists, *unless* the court determines: "(a) [t]he right to compel arbitration has been waived by the petitioner . . . ."

7

"[U]nder the [FAA] and the California Arbitration Act [citation] courts apply the same standards in determining waiver claims.  [Citation.] . . .  In *St. Agnes*, the California Supreme Court adopted as the California standard the same multifactor test employed by nearly all federal courts for evaluating waiver claims." (*Lewis v. Fletcher Jones Motor Cars, Inc., supra*, 205 Cal.App.4th at p. 444.)  In *St. Agnes*, the California Supreme Court concluded the following factors should be considered by a trial court in assessing a claim a party has waived a right to arbitrate: " ' "(1) whether the party's actions are inconsistent with the right to arbitrate; (2) whether 'the litigation machinery has been substantially invoked' and the parties 'were well into preparation of a lawsuit' before the party notified the opposing party of an intent to arbitrate; (3) whether a party either requested arbitration enforcement close to the trial date or delayed for a long period before seeking a stay; (4) whether a defendant seeking arbitration filed a counterclaim without asking for a stay of the proceedings; (5) 'whether important intervening steps [e.g., taking advantage of judicial discovery procedures not available in arbitration] had taken place'; and (6) whether the delay 'affected, misled, or prejudiced' the opposing party." ' " (*St. Agnes, supra*, 31 Cal.4th at p. 1196.)

The question whether a party has waived a right to arbitrate is ordinarily a question of fact for the trial court, and not an arbitrator, to decide. (*St. Agnes, supra*, 31 Cal.4th at p. 1196; *Engalla v. Permanente Medical Group, Inc.* (1997) 15 Cal.4th 951, 982-983.)  However, when, as in this case, the facts are undisputed and only one reasonable inference may be reasonably drawn from the facts, the question is one of law and we are not bound by the trial court's ruling. (*St. Agnes*, at p. 1196.)

B

We conclude Williams did not carry his burden to show Defendants waived their right to enforce the Contract's arbitration provision. First, although each of Defendants filed an answer to Williams's complaint, he does not cite any case or other authority showing the filing of an answer by a defendant necessarily waives, or is inconsistent with enforcement of, a right to arbitrate a dispute. Furthermore, although Defendants' failure to plead the arbitration agreement as an affirmative defense in their answers presumably is an act inconsistent with a later assertion of a right to arbitrate (*Guess?, Inc. v. Superior Court* (2000) 79 Cal.App.4th 553, 557-558), we must consider the other factors in determining whether they waived that right as a matter of law. Second, although Nasser propounded interrogatories, requests for admissions, and requests for production of documents on Williams, those discovery actions did not necessarily constitute substantial invocation of the litigation machinery and those actions were not shown to be unavailable in arbitration.[2] Also, neither Ali nor Rancho conducted any discovery before moving to compel arbitration. Third, although Defendants did not file their motion to compel arbitration until 13 months after the complaint was filed, much of that delay, as

---

[2] The Contract's arbitration provision expressly provided for arbitration in accordance with the rules of the American Arbitration Association. However, Williams did not show those rules do not allow discovery in a manner similar to that conducted by Nasser. More importantly, the arbitration provision expressly provided: "The parties shall be allowed to conduct relevant discovery as is allowed under the California Code of Civil Procedure in arbitration matters and as further allowed under the National Rules for the Resolution of Employment Disputes." Williams does not show Nasser's discovery could not have been obtained pursuant to discovery allowed under that arbitration provision.

Defendants explain, was caused by the stay of the proceedings resulting from Calsur's bankruptcy and their opposition to Williams's demurrers to their answers. Furthermore, the trial court had yet to set a trial date in this matter before Defendants filed their motion to compel arbitration. Finally, and most importantly, Williams did not show he was prejudiced by Defendants' delay and purported inconsistent actions. Prejudice sufficient to find a waiver of an arbitration agreement is found only "where the petitioning party's conduct has substantially undermined this important public policy or substantially impaired the other side's ability to take advantage of the benefits and efficiencies of arbitration." (*St. Agnes*, *supra*, 31 Cal.4th at p. 1204.) Williams did not meet his burden to show prejudice sufficient to support a finding of waiver by Defendants of their right to arbitrate. Considering all of the *St. Agnes* factors, we conclude Williams did not carry his burden to show Defendants waived their right to enforce the Contract's arbitration provision. We reject Williams's assertion the trial court's order denying Defendants' motion to compel arbitration should be upheld on that alternative ground.

III

*Interpretation of Arbitration Provision*

Although the trial court's order denying Defendants' motion to compel arbitration cannot be upheld on the above grounds, we nevertheless conclude it can be upheld, at least in part, based on our interpretation of the Contract's arbitration provision. As explained below, we interpret the arbitration provision as applying only to Williams's contract and tort causes of action and not his Labor Code or other statutory causes of action.

10

A

A trial court's judgment or order is presumed to be correct. In *Denham v. Superior Court* (1970) 2 Cal.3d 557, the court stated:

> "[I]t is settled that: 'A judgment or order of the lower court is *presumed correct*. All intendments and presumptions are indulged to support it on matters as to which the record is silent, and error must be affirmatively shown [by the appellant]. This is not only a general principle of appellate practice but an ingredient of the constitutional doctrine of reversible error.' " (*Id*. at p. 564.)

As a corollary to that rule, we review the trial court's decision and not its reasoning. (*People v. Zapien* (1993) 4 Cal.4th 929, 976.) " 'No rule of decision is better or more firmly established by authority, nor one resting upon a sounder basis of reason and propriety, than that a ruling or decision, itself correct in law, will not be disturbed on appeal merely because given for a wrong reason. If right upon any theory of the law applicable to the case, it must be sustained regardless of the considerations which may have moved the trial court to its conclusion.' " (*D'Amico v. Board of Medical Examiners* (1974) 11 Cal.3d 1, 19.)

Although we generally will not consider new theories raised for the first time on appeal (*In re Marriage of Moschetta* (1994) 25 Cal.App.4th 1218, 1227), we may exercise our discretion to consider a new theory if it presents a question of law to be applied to undisputed facts in the record. (*RN Solution, Inc. v. Catholic Healthcare West* (2008) 165 Cal.App.4th 1511, 1518; *Hoffman-Haag v. Transamerica Ins. Co.* (1991) 1 Cal.App.4th 10, 15.) Because the facts relating to the interpretation of the Contract's arbitration provision are undisputed, we exercise our discretion to interpret the Contract

11

and decide the scope of its arbitration provision (i.e., which of Williams's causes of action are arbitrable under the Contract's arbitration provision).

B

Although California law favors enforcement of valid arbitration agreements (*Armendariz v. Foundation Health Psychcare Services, Inc.* (2000) 24 Cal.4th 83, 97), "the preference for arbitration extends only to those disputes the parties agree to arbitrate." (*Elijahjuan v. Superior Court* (2012) 210 Cal.App.4th 15, 20 (*Elijahjuan*).) "In determining contractual arbitrability, the threshold issue is whether the parties agreed to arbitrate their dispute—i.e., whether the contract included or excluded the dispute from its arbitration clause." (*Ibid.*; see also *Engineers & Architects Assn. v. Community Development Dept.* (1994) 30 Cal.App.4th 644, 653.)

"The fundamental goal of contractual interpretation is to give effect to the mutual intention of the parties. (Civ. Code, § 1636.) If contractual language is clear and explicit, it governs. (Civ. Code, § 1638.)" (*Bank of the West v. Superior Court* (1992) 2 Cal.4th 1254, 1264.) Because in this case the language of the Contract's arbitration provision was not in dispute and the parties did not present any conflicting evidence regarding its meaning, we interpret the meaning of the arbitration provision independently as a matter of law. (*Elijahjuan*, *supra*, 210 Cal.App.4th at p. 20; *Molecular Analytical Systems v. Ciphergen Biosystems, Inc.* (2010) 186 Cal.App.4th 696, 707.)

12

C

In interpreting the Contract's arbitration provision in this case, the crucial issue is the scope of the provision and whether it covers Williams's contract, tort, and/or statutory causes of action. The scope of the arbitration provision depends on its language that requires arbitration of "[a]ny controversy [or] claim *arising out of or related to this Agreement*, or the breach thereof . . . ." (Italics added.) Although the arbitration provision further states that "you are agreeing to have any dispute *arising out of this Agreement* decided by neutral arbitration," that language is narrower than the first phrase quoted above and therefore we determine the scope of the arbitration provision based on its broadest language (i.e., "arising out of or related to this Agreement"). (Italics added.)

The Contract's language requiring arbitration of claims "arising out of or related to this Agreement" covers both contractual claims and tort claims arising out of the Contract. (See, e.g., *Coast Plaza Doctors Hospital v. Blue Cross of California* (2000) 83 Cal.App.4th 677, 681, fn. 2; *Berman v. Dean Witter & Co., Inc.* (1975) 44 Cal.App.3d 999, 1003.) However, that language does *not* clearly cover statutory claims (e.g., claims based on violations of the Labor Code) that arise independently of the Contract's terms. The Contract does not set forth any language expressly providing that Labor Code or other statutory claims are subject to arbitration. Absent such express language, arbitration of statutory claims can be required only if it may be reasonably implied from the Contract's language. However, given the language in this case, we cannot reasonably infer the Contract requires arbitration of Williams's statutory claims. We conclude Williams's statutory claims do *not* arise out of or relate to the Contract. (Cf. *Narayan v.*

13

*EGL, Inc.* (9th Cir. 2010) 616 F.3d 895, 899 ["While the contracts will likely be used as evidence to prove or disprove the statutory claims, the claims do not arise out of the contract, involve the interpretation of any contract terms, or otherwise require there to be a contract."].)  Although Williams's Labor Code claims arise out of, or relate to, his alleged employment by Defendants, those claims do not arise out of, or relate to, the Contract's terms even though the Contract formed the basis of his alleged employment. (*Ibid.*)  Rather, his Labor Code claims independently arise out of specific statutory provisions and not the Contract's provisions.  (*Elijahjuan*, *supra*, 210 Cal.App.4th at p. 24 ["Labor Code claims do not arise out of the contract but instead are distinct from rights under the Agreements."].)  Williams's "rights under the Labor Code are distinct from [his] contractual rights under the [Contract]."  (*Id.* at p. 23.)

In *Hoover v. American Income Life Ins. Co.* (2012) 206 Cal.App.4th 1193 (*Hoover*), the court concluded an agent contract did *not* require arbitration of Labor Code claims despite an arbitration provision requiring arbitration of disputes " '*arising out of or relating to this contract.*' "  (*Id.* at p. 1208, italics added.)  Because the contract "does not mention the arbitration of statutory claims or identify any statutes," *Hoover* concluded the plaintiff "did not agree to arbitrate her statutory labor claims."  (*Ibid.*)  Based on the language of the agent contract, the court concluded: "The agent contract does not reflect an agreement to arbitrate Hoover's claims, as asserted under state law, rather than her claims under the contract."  (*Ibid.*)

Similarly, in *Elijahjuan*, *supra*, 210 Cal.App.4th 15, the court, citing *Hoover*, concluded an arbitration provision requiring arbitration of "a dispute [that] arises with

14

regard to [the agreement's] application or interpretation" (*id.* at p. 18, italics omitted), likewise did not require arbitration of the plaintiff's statutory Labor Code claims. (*Elijahjuan,* at pp. 20-24.)  Citing *Brown v. Ralphs Grocery Co.* (2011) 197 Cal.App.4th 489, 495, *Elijahjuan* concluded the arbitration provision in its case was narrower and different from a provision encompassing " ' "any and all employment-related disputes." ' " (*Elijahjuan*, at p. 24; cf. *Lane v. Francis Capital Management LLC* (2014) 224 Cal.App.4th 676, 681 [written agreement required arbitration of "all claims, disputes and controversies arising out of, relating to or in any way associated with [the plaintiff's] employment by [the defendant]" and specifically cited "wage, hour and benefit claims" and "any other employment-related claim of any kind"].)

In our case, had the parties to the Contract intended to require arbitration of Labor Code or other statutory claims, they could have expressly provided for arbitration of any and all disputes or claims arising out of, or related to, Williams's employment, including but not limited to claims for damages and violation of state or federal laws, including claims for violation of the Labor Code.  (Cf. *Lane v. Francis Capital Management LLC*, *supra*, 224 Cal.App.4th at p. 683.)  Because the Contract did not substantially so provide, we conclude its arbitration provision does not require arbitration of Williams's Labor Code and other statutory claims.

D

Based on our interpretation of the Contract, we address which of Williams's claims are subject to arbitration under the Contract and which claims are not subject to arbitration.  After reviewing each of the eight causes of action alleged in Williams's

15

complaint, we conclude only two of those eight causes of action are arbitrable—namely, the fifth cause of action for breach of the implied covenant of good faith and fair dealing and the seventh cause of action for conversion. The former is clearly a contractual claim arising out of the Contract and the latter is a tort claim that likewise arises out of the Contract. Therefore, under the Contract's arbitration provision those two causes of action are arbitrable.

However, the six other causes of action are not either contract or tort claims, but instead are statutory claims not subject to arbitration under the Contract's arbitration provision. Williams alleges the following statutory causes of action against Defendants: (1) failure to pay minimum wage (Lab. Code, §§ 1194, 1197) (first cause of action); (2) failure to provide accurate itemized wage statements (Lab. Code, § 226) (second cause of action); (3) failure to comply with request to inspect personnel file (Lab. Code, § 226) (third cause of action); (4) failure to pay wages upon discharge (Lab. Code, §§ 201, 203) (fourth cause of action); (5) fees, costs, and penalties for Defendants' violations of the Labor Code (Lab. Code, § 2699) (sixth cause of action); and (6) unfair competition (Bus. & Prof. Code, § 17200) (eighth cause of action). We conclude none of those statutory causes of action are subject to arbitration under the Contract's arbitration provision.[3]

---

3    Because we decide this appeal based on our interpretation of the Contract's arbitration provision, we need not, and do not, address Defendants' argument that Williams should be estopped from asserting they have no standing to enforce the arbitration provision. Furthermore, because the trial court did not base its decision on grounds of unconscionability of the arbitration provision and Williams does not show that provision is unconscionable as a matter of law, we refrain from addressing the defense of

16

On remand, unless the parties subsequently agree to either litigate or arbitrate all of Williams's causes of action or unless Williams dismisses his two nonstatutory causes of action, the trial court may be faced with the question of whether to stay the proceedings in this case pending arbitration of the two nonstatutory causes of action *or* delay its order to arbitrate the two nonstatutory causes of action pending adjudication of the six statutory causes of action in this case.  (See, e.g., Code Civ. Proc., §§ 1281.2, subd. (c), 1281.4.)  In that event, the court should consider whether a court adjudication or "determination of such [statutory] issues *may* make the arbitration unnecessary" within the meaning of the third paragraph of Code of Civil Procedure section 1281.2, subdivision (c), such that it should exercise its discretion to delay its order to arbitrate the nonstatutory claims.  (Italics added.)  (See, e.g., *RN Solution, Inc. v. Catholic Healthcare West*, *supra*, 165 Cal.App.4th at p. 1521 [court has discretion to delay its order to arbitrate the arbitrable claims under section 1281.2, subd. (c), 3d par., if it determines adjudication of the nonarbitrable claims might make the arbitration unnecessary]; *Rowe v. Exline, supra,* 153 Cal.App.4th at p. 1286 [same].)

IV

*Labor Code Section 229 and Injunctive Relief*

Although we need not, and do not, decide whether some or all of Williams's statutory claims may not be subject to arbitration regardless of our interpretation of the Contract's arbitration provision above, we nevertheless note that most, if not all, of his

---

unconscionability that would apply only to arbitration of his two nonstatutory causes of action.

17

statutory causes of action could be found to be nonarbitrable on other grounds. We note Labor Code section 229 provides: "Actions to enforce the provisions of this article for the collection of due and unpaid wages claimed by an individual may be maintained without regard to the existence of any private agreement to arbitrate. . . ." Therefore, some, if not all, of Williams's causes of action based on Labor Code violations may not be subject to arbitration even if the Contract's arbitration provision expressly provided otherwise. (See, e.g., *Hoover*, *supra*, 206 Cal.App.4th at pp. 1206-1208; cf. *Lane v. Francis Capital Management LLC*, *supra*, 224 Cal.App.4th at p. 684.) Furthermore, Williams's claim for injunctive relief pursuant to Business and Professions Code section 17200, as well as his private attorney general (PAGA) claim (i.e., Lab. Code, § 2699), also may not be subject to arbitration even if the Contract's arbitration provision expressly provided otherwise. (See, e.g., *Hoover*, at p. 1209 [injunctive relief claim under unfair competition law is not arbitrable]; *Cruz v. PacifiCare Health Systems, Inc.* (2003) 30 Cal.4th 303, 315-316; *Brown v. Ralphs Grocery Co.*, *supra*, 197 Cal.App.4th at pp. 500-501; *Iskanian v. CLS Transportation Los Angeles LLC* (2014) 59 Cal.4th 348, 384 [employment agreement's waiver of PAGA representative claims is contrary to public policy and unenforceable as a matter of state law].)

DISPOSITION

The order is reversed to the extent it denied Defendants' motion to compel arbitration of Williams's fifth and seventh causes of action. In all other respects, the order is affirmed. The matter is remanded with directions that the trial court consider whether to immediately grant Defendants' motion to compel arbitration of Williams's

18

fifth and seventh causes of action or, in its discretion, delay its order to arbitrate those causes of action consistent with this opinion.


                                                    McDONALD, J.

WE CONCUR:

McCONNELL, P. J.

HALLER, J.