[Civ. No. 17534. First Dist., Div. Two. Mar. 28, 1957.]

HARRIET JANE BERTCH et al., Respondents, v. SOCIAL WELFARE DEPARTMENT OF THE STATE OF CALIFORNIA, Appellant.

Edmund G. Brown, Attorney General, and Clarence A. Linn, Assistant Attorney General, for Appellant.

Howard B. Crittenden, Jr., for Respondents.

DRAPER, J.—Respondents move to dismiss this appeal upon the ground that it was filed too late.

This is the second appeal in this action, which began when plaintiffs petitioned for writ of mandate to review an order of the State Social Welfare Board. The superior court denied the writ. On appeal, that judgment was reversed, and the issues were settled by the decision on appeal (*Bertch* v. *Social Welfare Dept.,* 45 Cal.2d 524 [289 P.2d 485]). Plaintiffs then moved for judgment on the remittitur, and in the same motion sought attorneys' fees, to which plaintiffs were entitled under Section 104.3, Welfare and Institutions Code. Judgment was entered in accordance with the views expressed in the Supreme Court decision, and attorneys' fees were awarded to each plaintiff in the sum of $500. This judgment was entered on August 20, 1956. On August 30, defendant filed its notice of intention to move for new trial. This motion was denied October 19. Defendant's notice of appeal was filed November 14.

It is apparent that the appeal was taken after expiration of the 60-day period provided by rule 2, Rules on Appeal. Appellant contends, however, that rule 3 is applicable. This rule provides that "when a valid notice of intention to move for a new trial" is filed, the time for filing the notice of appeal is extended until 30 days after denial of the motion. Respondents argue that the motion for new trial is not "valid," and that, therefore, the appeal is not timely.

New trial procedure is wholly statutory. If the right to new trial is not found in the statute, it does not exist (*Mann* v. *Superior Court,* 53 Cal.App.2d 272 [127 P.2d 970]; *Gray* v. *Cotton,* 174 Cal. 256 [162 P. 1019]). Our statute

defines a new trial as "a re-examination of an issue of fact in the same court after a trial and decision by a jury, court or referee" (Code Civ. Proc., § 656). "An issue of fact arises . . . upon a material allegation in the complaint controverted by the answer" (Code Civ. Proc., § 590).

In the case at bar, there was no trial or examination of any issue of fact, so far as concerns the issue of respondents' right to the principal relief they sought. Rather, the judgment was entered upon the remittitur, upon respondents' motion for such relief. The general rule is that a motion for new trial does not lie to review an issue which is not raised by the pleadings nor determined by trial, but is raised and decided only upon motion (*Pasadena* v. *Superior Court*, 212 Cal. 309 [298 P. 968]).

Appellant apparently concedes this point as to the principal issues of the case, but insists that the fixing of attorneys' fees constituted trial of an issue of fact, and that as to this matter, the motion for new trial was properly made. But the allowance of attorneys' fees is mandatory under the statute (Welf. & Inst. Code, § 104.3), and it seems clear that the fixing of their amount, as done here, is but incidental to respondents' right to recover upon their case in chief. In like situations, it has been held that the fixing of attorneys' fees is not the trial of a material issue of fact (*Huber* v. *Shedoudy*, 180 Cal. 311 [181 P. 63]); and is not a proper subject of motion for new trial (*Mann* v. *Superior Court*, *supra*).

Motion to dismiss granted, and appeal dismissed.

Kaufman, P. J., and Dooling, J., concurred.