[No. D012785. Fourth Dist., Div. One. Nov. 21, 1991.]

BARBARA HOFFMAN-HAAG et al., Plaintiffs and Appellants, v.
TRANSAMERICA INSURANCE COMPANY, Defendant and Respondent.

COUNSEL

McInnis, Fitzgerald, Rees, Sharkey & McIntyre, Timothy S. Thomas and Anna A. Frustaglio for Plaintiffs and Appellants.

Neil, Dymott, Perkins, Brown & Frank and James A. McFall for Defendant and Respondent.

OPINION

BENKE, J.—In this case appellants Barbara Hoffman-Haag and John Haag argue that neither a motion for new trial under Code of Civil Procedure[1] section 657 nor a motion to vacate under section 663 may be based on a previously unasserted rule of law. In the particular circumstances presented here we reject their contention and affirm the judgment.

## FACTUAL AND PROCEDURAL SUMMARY

The facts which give rise to the Haags' appeal are tragic. According to the stipulation of facts the parties submitted to the trial court, on February 10, 1989, the Haags left their infant daughter Gwenevier in the care of defendant Maria Dagraca. At that time the Haags were paying Dagraca $70 a week for Gwenevier's care. In addition to Gwenevier, Dagraca was responsible for the care of her own four children and one additional unrelated child for which she was receiving an additional $75 a week.

While in Dagraca's care on February 10, Gwenevier fell down a set of stairs and was severely injured. On February 11, 1989, Gwenevier died as a result of those injuries.

The Haags brought an action against Dagraca and her husband John Dagraca. The Dagracas' homeowners' insurer, defendant Transamerica Insurance Company (Transamerica), denied coverage of the Haags' claim. The issue of coverage was tried by the court without a jury. In addition to the stipulated facts, both the Haags and the Dagracas testified at the trial.

Relying on the holding in Crane v. State Farm Fire & Cas. Co. (1971) 5 Cal.3d 112, 117 [95 Cal.Rptr. 513, 485 P.2d 1129, 48 A.L.R.3d 1089], the trial court found that Dagraca was not engaged in a business within the meaning of the "business pursuits" exclusion in Transamerica's policy. Rather, the trial court found Dagraca's child care services were " 'ordinarily

---

[1] All statutory references are to the Code of Civil Procedure unless otherwise specified.

incident to nonbusiness pursuits.' " The trial court entered judgment against Transamerica on March 22, 1990.

On April 6, 1990, Transamerica filed a notice of intent to move for new trial and to vacate the judgment. On April 16, 1990, Transamerica filed its motion. In its motion Transamerica relied, for the first time, on Insurance Code section 676.1, subdivision (c), which was enacted in 1985, and states: *"It shall be against public policy* for a residential property insurance policy to provide liability coverage for losses arising out of, or in connection with, the operation of a family day care home. *This coverage shall only be provided by a separate endorsement or insurance policy for which premiums have been assessed and collected."*[2] (Italics added.)

The term "family day care home" is defined in Health and Safety Code section 1596.78 as: "a home which regularly provides care, protection, and supervision of 12 or fewer children, in the provider's own home, for periods of less than 24 hours per day, while the parents or guardians are away, and includes the following: [¶] . . . (b) 'Small family day care home' which means a home which provides family day care to six or fewer children, including children under the age of 10 years who reside at the home, as defined in the regulations."[3]

Transamerica argued that Insurance Code section 676.1 effectively over-ruled *Crane* v. *State Farm Fire & Cas. Co., supra,* 5 Cal.3d 112. On May 7, 1990, the trial court vacated its earlier judgment. The Haags filed a timely notice of appeal.

### DISCUSSION

On appeal the Haags contend Transamerica's tardy reliance on Insurance Code section 676.1 did not permit the trial court to grant a new

---

[2]The remaining portions of Insurance Code section 676.1 provide: "(a) The arbitrary cancellation of a policy of homeowners' insurance solely on the basis that the policyholder is engaged in a licensed family day care business at the insured location shall subject the insurer to administrative sanctions authorized by this code unless, there has been a material misrepresentation of fact, the risk has changed substantially since the policy was issued, there has been a nonpayment of premium, or the insurer no longer writes homeowners policies.

"(b) The arbitrary refusal to renew a policy of homeowners' insurance solely on the basis that the policy holder is engaged in a licensed family day care business at the insured location shall subject the insurer to administrative sanctions authorized by this code unless, there has been a material misrepresentation of fact, the risk has changed substantially since the policy was issued, there has been a nonpayment of premium, or the insurer no longer writes homeowners policies. This subdivision shall remain in effect only until January 1, 1990, and as of such date is repealed."

[3]Reference to the Health and Safety Code definition of "family day care home" is set forth in Insurance Code section 1863, subdivision (d), which was enacted as part of the legislation which created Insurance Code section 676.1. (See Stats. 1985, ch. 1362, §§ 2-3, pp. 4832-4833.)

trial or vacate its prior judgment. Relying on *Bertch* v. *Social Welfare Dept.* (1957) 149 Cal.App.2d 517, 519 [308 P.2d 397] (*Bertch*) and *Slemons* v. *Paterson* (1939) 14 Cal.2d 612, 615 [96 P.2d 125] (*Slemons*), they argue a party's mistake of law will not support an order granting a new trial or an order vacating a judgment.

The cases cited by the Haags do not support the broad proposition they assert. In *Bertch*, on a motion of the prevailing party, the trial court awarded attorney fees. The losing party then attempted to challenge the award by way of a motion for new trial, which was denied. On appeal, the court found, consistent with the then prevailing rule, that a motion for new trial will not lie to review matters determined by motion. Hence the court found the period for appeal was not extended while the defective motion for new trial was pending. (*Bertch*, *supra*, 149 Cal.App.2d at p. 519.)

The limitations on motions for new trial discussed in *Bertch* were abandoned in *Carney* v. *Simmonds* (1957) 49 Cal.2d 84, 90 [315 P.2d 305]. The court stated: "As a matter of orderly procedure, there is no less reason why the trial court should have a second chance to re-examine its judgment where issues of fact are involved than where issues of law or law and fact are decided." (*Ibid.*) Thus, to the extent the limitations discussed in *Bertch* had any bearing on Transamerica's motion, those limitations no longer exist.

In *Slemons* the plaintiffs moved for new trial on the grounds they had discovered new evidence following trial. They claimed they had failed to discover the evidence in part because they were unaware of its relevance to the issues disputed at trial. In rejecting their ignorance of the law as an excuse, the court stated: "Section 657, Code of Civil Procedure, makes no provision for a new trial on account of mistake of law of a party or his attorney." (14 Cal.2d at p. 615.)

With respect to a new trial motion made on the grounds of newly discovered evidence, we have no quarrel with the statement of law set forth in *Slemons*. Section 657, subdivision 4, itself restricts the use of newly discovered evidence as a ground for new trial to those instances where the evidence could not "with reasonable diligence, have [been] discovered and produced at trial." However, this restriction does not apply to *all* the grounds upon which a new trial may be made or a judgment vacated.

In addition to newly discovered evidence, new trial motions and motions to vacate may be made on the separate ground the judgment or verdict is

legally erroneous. (§§ 657, subd. 6, 663.)[4] ▮ "[W]here the ground under consideration is that the original judgment order is 'against the law,' the area of judicial action generally is not one involving discretion. The initial choice of the trial court challenged by a motion on this ground was either right or wrong, and this is the nature of the evaluation which must be made in passing upon a motion for a new trial where 'against the law' is the ground. Stated otherwise, a decision is 'against the law' where the evidence is insufficient in law and without conflict on any material point." (*In re Marriage of Beilock* (1978) 81 Cal.App.3d 713, 728 [146 Cal.Rptr. 675]; see also *McCown* v. *Spencer* (1970) 8 Cal.App.3d 216, 229 [87 Cal.Rptr. 213].) ▮ Contrary to the Haags' argument, legal challenges which may be brought by way of section 657, subdivision 6, and section 663, subdivision 1, are not limited to those raised before verdict or judgment.

The only case we have discovered which lends any support to the Haags' position is *Patent Brick Co.* v. *Moore* (1888) 75 Cal. 205, 207 [16 P. 890] (*Patent Brick*). There the court stated a new trial could not be granted on the ground it was against the law because "there was no exception whatever taken at any time during the trial to any act of the court." (*Ibid.*) However, the requirement that a party take "exception" at trial was considerably liberalized by the Legislature in 1953 when it amended section 647 to provide: "[I]f the party, *at the time when* the order, ruling, action or decision is *sought or made*, or *within a reasonable time thereafter, makes known his position thereon, by objection or otherwise, all other orders, rulings, actions or decisions* are deemed to have been excepted to." (Stats. 1953, ch. 715, § 1, p. 1984, italics added.) ▮ "The effect of the amendment seems clear: By making any method of raising a point below the equivalent of a formal exception, it has abolished the requirement of exceptions. The party is protected if he *objects* [italics in original] at the time of the ruling, etc., *or if he makes a timely attack thereafter by motion.*" (9 Witkin, Cal. Procedure (3d ed. 1985), Appeal, § 312, p. 324, italics added.) In sum then, the requirement of a formal exception at trial discussed in *Patent Brick* no longer exists and the amendment to section 647 in fact suggests that legal challenges may be raised for the first time by way of posttrial motions.

▮ We also note that on appeal a party may change the legal theory he relied upon at trial, so long as the new theory presents a question of law to be applied to undisputed facts in the record. (9 Witkin, Cal. Procedure, *supra*, § 323, pp. 333-334; *Fenton* v. *Board of Directors* (1984) 156

---

[4]New trial motions may also be made on the grounds of irregularity in the proceedings (§ 657, subd. 1), jury misconduct (§ 657, subd. 3), and accident or surprise (§ 657, subd. 3). A judgment may also be vacated if it is not consistent with the facts (§ 663, subd. 1) or not consistent with a special verdict (§ 663, subd. 1).

Cal.App.3d 1107, 1113 [203 Cal.Rptr. 388]; *Barton* v. *Owen* (1977) 71 Cal.App.3d 484, 491 [139 Cal.Rptr. 494].) We believe that in ruling on a new trial motion sections 657 and 663 give a trial court no less power to consider new legal theories. (Cf., *Carney* v. *Simmonds, supra,* 49 Cal.2d at p. 90; *In re Marriage of Beilock, supra,* 81 Cal.App.3d at pp. 728-729.) Here, in the absence of its motion for a new trial, Transamerica could have argued on appeal that Insurance Code section 676.1, subdivision (c), as applied to the stipulated facts, barred coverage; there is no sound reason which prevented Transamerica from making the same argument in its motion for new trial.

Order affirmed.

Kremer, P. J., and Todd, J., concurred.