Filed 3/17/26  City of Alameda v. Sheehan CA1/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| CITY OF ALAMEDA,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>SHELBY SHEEHAN,<br><br>        Defendant and Appellant. | A170059<br><br>(Alameda County<br>Super. Ct. No.<br>23CV037442) |

After a four-day trial, the jury returned a verdict in this unlawful detainer case against defendant Shelby Sheehan and in favor of plaintiff City of Alameda.

Sheehan appeals from the trial court's denial of her motion for judgment notwithstanding the verdict (JNOV).  In her motion, Sheehan advanced a number of arguments.  They can generally be characterized as (1) the City failed to carry its burden to prove the residential property it rented to Sheehan was habitable, (2) the jury was not adequately schooled on the law pertaining to habitability, either by witnesses testifying as to the law or by adequate instruction, and (3) the City's complaint failed to allege with "reasonable certainty" the amount of rent owed.  (Underscoring omitted.)

Sheehan also filed other post-trial motions, including for a new trial, which were also denied.  (Code Civ. Proc., § 660, subd. (c) [if trial court does

1

not rule on motion for new trial within statutory deadline, the "effect shall be a denial of the motion without further order of the court"].)  She did not, however, appeal from the underlying judgment, the only means by which she could have obtained appellate review of the denial of those motions.

In short, the scope of our appellate jurisdiction is limited and extends *only* to those issues that could properly be raised, and that Sheehan did raise, in her motion for JNOV.  Much, if not most, of Sheehan's 175-plus pages of appellate briefing, however, strays *far* beyond these parameters.  As we explain, the single issue that is *properly* before us is whether Sheehan has shown not only that no substantial evidence supports the verdict in favor of the City but that the evidence compels judgment in her favor.  She has not met that standard, and we therefore affirm the order denying her motion for JNOV.

### Scope of Appeal

As we have stated, Sheehan appealed only from the order denying her motion for JNOV (which is an appealable order).  (Code Civ. Proc., § 904.1, subd. (a)(4); *Hirst v. City of Oceanside* (2015) 236 Cal.App.4th 774, 781, fn. 3.)  She did not appeal from the underlying judgment (which was also appealable) or from any of the other post-judgment rulings the trial court made.  (Code Civ. Proc., § 904.1, subd. (a)(1).)  Although Sheehan states at the outset of her opening brief that her appeal is "taken from a final judgment," she is mistaken as evidenced by her notice of appeal and the order attached thereto.

A notice of appeal must identify each judgment or order appealed.  (Cal. Rules of Court, rule 8.100(a)(2).)  "If an order is appealable, an aggrieved party must file a timely notice of appeal from the order to obtain appellate review.  [Citation.]  A notice of appeal from a judgment alone does not

2

encompass other judgments and separately appealable orders." (*Sole Energy Co. v. Petrominerals Corp.* (2005) 128 Cal.App.4th 212, 239 (*Sole Energy*).)

Thus, because Sheehan appealed only from the order denying her motion for JNOV, our appellate jurisdiction extends only to that order and does not extend to the underlying judgment or any of the other post-judgment rulings against her, including the denial of her new trial motion. " ' "[W]here several judgments and/or orders occurring close in time are separately appealable . . . , each appealable judgment and order must be expressly specified—in either a single notice of appeal or multiple notices of appeal—in order to be reviewable on appeal." ' " (*Sole Energy, supra,* 128 Cal.App.4th at p. 239, quoting *DeZerega v. Meggs* (2000) 83 Cal.App.4th 28, 43 (*DeZerega*); see *Pacific Corporate Group Holdings, LLC v. Keck* (2014) 232 Cal.App.4th 294, 302 [" 'it has long been settled that an order denying a motion for new trial is not independently appealable and may be reviewed only on appeal from the underlying judgment,' " quoting *Walker v. Los Angeles County Metropolitan Transportation Authority* (2005) 35 Cal.4th 15, 19].)

Sheehan's 119-page opening brief and 58-page reply brief go well beyond the bounds of her appeal from the order denying JNOV and advance a litany of complaints about the conduct of the litigation both before and during trial. She complains, for example, that the trial court "ignored fatal jurisdictional defects" allegedly arising from the City's failure to comply with a host of statutes pertaining to habitability, "allowed fraudulent evidence, and deprived Sheehan of a fair opportunity to defend herself." She complains the City "withheld exculpatory habitability records," "submitted perjured statements regarding service of process, and falsely represented compliance with just cause eviction requirements," and engaged in "a calculated abuse of governmental power by City of Alameda officials entrusted to act in the

3

public interest who instead used the courts to retaliate against their own tenant and to conceal their misconduct." She complains the City's attorneys "took full advantage" of the fact she proceeded to trial in propria persona and accuses them of engaging "in procedural ambush tactics to rush an eviction judgment through the courts."

These claims are aimed at the *judgment* from which Sheehan could have, but did not, appeal. Indeed, Sheehan's motion for new trial (reviewable on appeal from the judgment) was in considerable measure devoted to this cavalcade of complaints. And, indeed, that was precisely the procedural vehicle by which such claims—erroneous admission or exclusion of evidence, inadequate or erroneous jury instructions, procedural infirmities, including lack of procedural due process, both before and during trial, and improper conduct by opposing counsel—should have been raised. (See Code Civ. Proc., § 657; see *Hoffman-Haag v. Transamerica Ins. Co.* (1991) 1 Cal.App.4th 10 [generally discussing scope of new trial motion].) Accordingly, these claims are not issues that are properly before us.

It is also a fundamental principle of appellate review that an appellant who has the opportunity to appeal from an appealable order or judgment but does not do so, cannot resurrect issues that could have been raised had an appeal been taken by the artifice of appealing from a different order or judgment. Thus, the issues raised on appeal from an appealable post-judgment order must be different from those that could have been raised on appeal from the underlying judgment. (See *Rooney v. Vermont Investment Corp.* (1973) 10 Cal.3d 351, 358.) " 'The reason for this general rule is that to allow the appeal from [an order raising the same issues as those raised by the judgment] would have the effect of allowing two appeals from the same ruling and might in some cases permit circumvention of the time limitations for

4

appealing from the judgment.' " (*Lakin v. Watkins Associated Industries* (1993) 6 Cal.4th 644, 651.)

Thus, "[t]he policy of liberally construing a notice of appeal in favor of its sufficiency . . . does not apply if the notice is so specific it cannot be read as reaching a judgment or order not mentioned at all." (*Filbin v. Fitzgerald* (2012) 211 Cal.App.4th 154, 173; accord, *DeZerega, supra,* 83 Cal.App.4th at p. 43 [" '[W]here several judgments and/or orders occurring close in time are separately appealable (e.g., judgment and order awarding attorney fees), each appealable judgment and order must be expressly specified—in either a single notice of appeal or multiple notices of appeal—in order to be reviewable on appeal.' "].) " ' "Our jurisdiction on appeal is limited in scope to the notice of appeal and the judgment or order appealed from." [Citation.] We have no jurisdiction over an order not mentioned in the notice of appeal.' " (*In re J.F.* (2019) 39 Cal.App.5th 70, 75; accord, *Faunce v. Cate* (2013) 222 Cal.App.4th 166, 170.)

What all this means is that Sheehan's appeal from the order denying her JNOV motion is confined to the issues she properly raised in that motion. It does not extend to the litany of complaints about the trial court's and City's handling of this litigation she could have raised on appeal from the underlying judgment (which would have included review of the denial of her motion for new trial).

### *Standard of Review*

Where the appealing party has moved for JNOV on the ground the verdict is not supported by the evidence, our " 'standard of review is whether any substantial evidence—contradicted or uncontradicted—supports the jury's conclusion. [Citations.]' [Citation.] Accordingly, we may reverse an order denying a JNOV motion 'only if, reviewing all the evidence in the light

most favorable to [the prevailing party], resolving all conflicts, and drawing all inferences in [its] favor, and deferring to the implicit credibility determinations of the trier of fact, there was no substantial evidence to support the jury's verdict in [its] favor.' " (*Hurley v. Department of Parks & Recreation* (2018) 20 Cal.App.5th 634, 644, quoting *Begnal v. Canfield & Associates, Inc.* (2000) 78 Cal.App.4th 66, 72.)

" 'The substantial evidence standard of review takes on a unique formulation where . . . "the trier of fact has expressly or implicitly concluded that the party with the burden of proof did not carry the burden and that party appeals." ' [Citation.] Under these circumstances, ' " ' "the question for a reviewing court becomes whether the evidence compels a finding in favor of the appellant as a matter of law. [Citations.] Specifically, the question becomes whether the appellant's evidence was (1) 'uncontradicted and unimpeached' and (2) 'of such a character and weight as to leave no room for a judicial determination that it was insufficient to support a finding.' " ' " ' " (*Symons Emergency Specialties v. City of Riverside* (2024) 99 Cal.App.5th 583, 597.)

Where a JNOV motion is based on a pure question of law—i.e., a legal issue not implicated by conflicting evidence or lack of a fully developed evidentiary record—our standard of review is de novo. (*Cleveland v. Taft Union High School Dist.* (2022) 76 Cal.App.5th 776, 802.)

### Burden of Proof

"The purpose of the unlawful detainer statutes is procedural. The statutes implement the landlord's property rights by permitting him to recover possession once the consensual basis for the tenant's occupancy is at an end. In contrast the . . . elimination of particular grounds for eviction is a limitation upon the landlord's property rights under the police power, giving

6

rise to a substantive ground of defense in unlawful detainer proceedings. The mere fact that a city's exercise of the police power creates such a defense does not bring it into conflict with the state's statutory scheme. Thus, a landlord's violations of a city's housing code may be the basis for the *defense* of breach of warranty of habitability in a summary proceeding instituted by the landlord to recover possession for nonpayment of rent." (*Birkenfeld v. City of Berkeley* (1976) 17 Cal.3d 129, 149, italics added.)

As in any civil action, the burden of proving an affirmative defense in an unlawful detainer case lies with the defendant, not the plaintiff. Thus, "[i]f *the tenant can prove* . . . breach [of the implied covenant of habitability] by the landlord, he may demonstrate that his nonpayment of rent was justified and that no rent is in fact 'due and owing' to the landlord . . . [and] the landlord would not be entitled to possession of the premises." (*Green v. Superior Court* (1974) 10 Cal.3d 616, 635, italics added; *Wong v. Markarian* (2022) 82 Cal.App.5th Supp. 24, 34.)

In short, while inhabitability of the premises may be raised as an affirmative defense in an unlawful detainer proceeding, the burden of proving such a defense lies with the tenant, *not* the owner of the premises.

Sheehan argued in the trial court and continues to argue on appeal that, in this case, the evidence triggered a "rebuttable presumption" of inhabitability and therefore the City did, in fact, have the burden of proving the residential premises were habitable. Indeed, this was her principal argument in her JNOV motion and it is the foundation for many of her arguments on appeal, including her assertion the trial court lacked "jurisdiction" to enter judgment against her.

In the trial court, Sheehan cited to Civil Code section 1942.3, subdivision (a), as support for her assertion the City had to prove habitability to secure a judgment in its favor. That section states, in pertinent part:

> "(a) In any unlawful detainer action by the landlord to recover possession from a tenant, a rebuttable presumption affecting the burden of producing evidence that the landlord has breached the habitability requirements in Section 1941 is created if all of the following conditions exist:
>
> "(1) The dwelling substantially lacks any of the affirmative standard characteristics listed in Section 1941.1, is deemed and declared substandard pursuant to Section 17920.3 of the Health and Safety Code, or contains lead hazards as defined in Section 17920.10 of the Health and Safety Code.
>
> "(2) A public officer or employee who is responsible for the enforcement of any housing law has notified the landlord, or an agent of the landlord, in a written notice issued after inspection of the premises which informs the landlord of his or her obligation to abate the nuisance or repair the substandard or unsafe conditions identified under the authority described in paragraph (1).
>
> "(3) The conditions have existed and have not been abated 60 days beyond the date of issuance of the notice specified in paragraph (2) and the delay is without good cause.
>
> "(4) The conditions were not caused by an act or omission of the tenant or lessee in violation of Section 1929 or 1941.2." (Civ. Code, § 1942.3, subd. (a)(1)–(4).)

Sheehan did not, however, in her motion, identify any evidence presented at trial that established *all* of these requirements, as the City pointed out in its opposition to Sheehan's motion.

In her briefing on appeal, Sheehan cites to different statutes, including Civil Code sections 1941.1, 1942.4, 1942.5, and Code of Civil Procedure section 1174.2, which she maintains "places the burden of proof on landlords to establish habitability before eviction can proceed." (Boldface omitted.)

To begin with, having made no reference to these statutes in her JNOV motion, Sheehan has forfeited the arguments she is now advancing for the

8

first time on appeal from the denial of her motion. (See *Bitner v. Department of Corrections & Rehabilitation* (2023) 87 Cal.App.5th 1048, 1065 (*Bitner*) ["Having failed to raise or develop this issue in the trial court, [appellants] cannot raise the issue for the first time on appeal."].)

In any case, not one of these statutes requires a landlord to prove habitability as a threshold element of an unlawful detainer claim. Civil Code section 1941.1 defines habitability. Civil Code section 1942.4 contains the same written notice requirements as Civil Code section 1942.3. Civil Code section 1942.5 prohibits retaliatory eviction. Code of Civil Procedure section 1174.2, subdivision (a) provides that where the tenant has asserted as an "affirmative defense" in an unlawful detainer case that the landlord breached habitability obligations, the court must determine whether the tenant proves a "substantial breach of these obligations." If the tenant does so, the court must then withhold relief to the landlord. In short, these newly cited statutes not only reaffirm that habitability is an affirmative defense on which the tenant bears the burden of proof but require the tenant to prove a "substantial" breach of habitability obligations to prevail on such a defense.[1]

Finally, as best as we can determine, Sheehan bases her City-had-the-burden-of-proving-habitability argument on a July 31, 2023 Notice of Violation issued by the Alameda City Planning, Building and Transportation Department. However, given the absence of citations to the record in support

---

[1] Sheehan cites additional statutes and advances additional arguments in her reply brief. " ' "[I]t is axiomatic that arguments made for the first time in a reply brief will not be entertained because of the unfairness to the other party." ' " (*Starr v. Mayhew* (2022) 83 Cal.App.5th 842, 854, quoting *People v. Rangel* (2016) 62 Cal.4th 1192, 1218–1219.) Accordingly, courts will not consider such an argument "absent a showing why the argument could not have been made earlier." (*People v. Newton* (2007) 155 Cal.App.4th 1000, 1005.) No such showing has been, or could be, made here.

of her argument, we know nothing about this document, including whether it was offered, let alone admitted, into evidence at trial, as well as any arguments by the City and the basis for any evidentiary ruling by the trial court. The reporter's transcript of closing argument suggests the document was not admitted, as the City attorney objected to Sheehan's assertion during closing that "[t]here's a code violation on [the house] right now" on the ground Sheehan was referring to "something that hasn't come into evidence." The court sustained the City's objection and duly admonished the jury that statements made during argument are not evidence. Beyond that reference, which we found on our own while reading the reporter's transcript of closing arguments, Sheehan provides no road map to the handling of this document.

Indeed, Sheehan has not provided a single citation to the record in the entire 43-page argument section of her opening brief and provided only a couple citations to the record in the 25-page argument section of her reply brief, in flagrant violation of the California Rules of Court. "Rule 8.204(a)(1)(C) of the California Rules of Court requires all appellate briefs to '[s]upport *any* reference to a matter in the record by a citation to the volume and page number of the record where the matter appears.' It is well established that ' "[i]f a party fails to support an argument with the necessary citations to the record, . . . the argument [will be] deemed to have been waived. [Citation.]" ' [Citation.] This rule applies to matters referenced at *any* point in the brief, not just in the statement of facts." (*Conservatorship of Kevin A.* (2015) 240 Cal.App.4th 1241, 1253, italics & boldface added.) This rule "is intended to enable the reviewing court to locate relevant portions of the record 'without thumbing through and rereading earlier portions of a brief.' [Citation.] To provide record citations for alleged facts at some points in a brief, but not at others, frustrates the purpose of that rule,

and courts will decline to consider any factual assertion unsupported by record citation at the point where it is asserted." (*Alki Partners, LP v. DB Fund Services, LLC* (2016) 4 Cal.App.5th 574, 590, fn. 8 (*Alki Partners*).) These rules apply both to parties represented by counsel and self-represented parties. (*L.O. v. Kilrain* (2023) 96 Cal.App.5th 616, 620 (*L.O.*); *First American Title Co. v. Mirzaian* (2003) 108 Cal.App.4th 956, 958, fn. 1 ["A party proceeding in propria persona 'is to be treated like any other party and is entitled to the same, but no greater consideration than other litigants and attorneys.' "].)

Consequently, "[a]n appellant who fails to cite accurately to the record forfeits the issue or argument on appeal that is presented without the record reference." (*Alki Partners, supra,* 4 Cal.App.5th at p. 589; see *L.O., supra,* 96 Cal.App.5th at p. 620 [where appellant fails to support an argument with the necessary citations to the record, we may deem the argument waived].) Given the size of the record on appeal (2,000-plus pages) and the length of Sheehan's briefing (a 119-page opening brief and 58-page reply brief), we deem Sheehan's unsupported arguments waived here.

In short, there is no merit to Sheehan's repeated assertion that the City bore the burden of proving the residential property was habitable. To the contrary, Sheehan had the burden of proving her affirmative defense that the property was uninhabitable, she therefore owed no rent to the City, and she therefore could not be evicted from the property.

***The JNOV Motion Was Properly Denied***

### *Habitability*

Despite the fact Sheehan had the burden of proof as to her habitability defense, the foundational predict of her JNOV motion was that the City failed to present any substantial evidence that the residential property was

11

habitable. She asserted in her motion, for example, that as to habitability "the [City] elected to provide a decided 'lack of evidence' case, which cannot be overcome." Indeed, she complained that "[g]iven the amount of evidence under [the City's] control, including maintenance records and communications with [her], there should have been a number of documents to impeach [her claim the house was uninhabitable], and the [City] should have shown at least a scintilla of evidence that they complied with the housing laws" pertaining to habitability.

Thus, her JNOV motion was misdirected from the outset. As we have explained, it was not the City's burden to present evidence the property was habitable; rather, it was Sheehan's burden to present evidence the property was uninhabitable.

The predicate of Sheehan's appeal from the denial of her JNOV motion is the same—that the City was required to prove the property was habitable and failed to do so. She variously claims, for example: "The trial court failed to enforce procedural protections . . . which mandates [*sic*] that landlords prove habitability compliance before eviction"; "CCP § 1174.2 requires the landlord to prove habitability before eviction"; "[t]he City had the burden to prove habitability before eviction but failed to do so." (Boldface omitted.) It is also the predicate of her repeated insistence that the trial court "lacked jurisdiction." For example, pointing to the laundry list of statutes pertaining to habitability we have previously referenced, she asserts the City failed to "satisfy multiple legal perquisites" for the initiation of unlawful detainer proceedings and "failed to provide this required proof, meaning the eviction was statutorily defective, and the court had no jurisdiction to proceed."

But it was not, as we have explained, the City's burden to present evidence the property was habitable. Rather, it was Sheehan's burden to

12

present evidence the property was uninhabitable. Indeed, she had the burden of proving there were *substantial* habitability problems to succeed on this affirmative defense.

While an appeal from the denial of a JNOV motion usually challenges the sufficiency of the evidence and thus invokes the substantial evidence standard of appellate review, Sheehan asserts in her closing brief that "This appeal turns on jurisdiction and statutory compliance—not discretionary rulings of fact-finding—and therefore is reviewed de novo." And, indeed, as we have discussed, every one of Sheehan's arguments pertaining to habitability is grounded on her claim that the City bore the burden of proving the property was habitable in order to obtain judgment in this case. However, Sheehan is in error as to this pivotal point.

Since Sheehan has expressly eschewed challenging the sufficiency of the evidence, we will not engage in examining the record in this respect.

Moreover, even if Sheehan were advancing a substantial evidence challenge, her briefing does not permit us to engage in such review. As we have discussed, she provides no citations to the record in the argument section of her opening brief and no more than a couple of citations in her closing brief. This, alone, dooms any substantial evidence challenge. (See *LA Investments, LLC v. Spix* (2022) 75 Cal.App.5th 1044, 1062 [substantial evidence challenge waived where appellants "failed to provide an adequate record for our substantial evidence review and further failed to include adequate record cites for their assertion the evidence was insufficient to support the jury's finding"].)

In addition, Sheehan's briefing focuses only on evidence she claims supports her view of the case (largely her own testimony) and essentially ignores evidence the City presented that not only supports the jury's verdict

13

that the City proved its case, but also supports the jury's verdict that Sheehan did not prove her affirmative defense that the residence was uninhabitable.[2] "A party who challenges the sufficiency of the evidence to support a finding must set forth, discuss, and analyze all the evidence on that point, both favorable and unfavorable." (*Doe v. Roman Catholic Archbishop of Cashel & Emly* (2009) 177 Cal.App.4th 209, 218; *Nwosu v. Uba* (2004) 122 Cal.App.4th 1229, 1246 ["[A]ppellants who challenge the decision of the trial court based upon the absence of substantial evidence to support it ' "are required to set forth in their brief *all* the material evidence on the point and *not merely their own evidence.* Unless this is done the error is deemed waived." ' " Quoting *Foreman & Clark Corp. v. Fallon* (1971) 3 Cal.3d 875, 881.].) "A reviewing court will not independently review the record to make up for the appellant's failure to carry its burden on appeal." (*E.I. v. El Segundo Unified School Dist.* (2025) 111 Cal.App.5th 1267, 1285.)

Thus, for multiple reasons, Sheehan has waived any substantial evidence challenge. We therefore do not consider her passing attacks on the City's witnesses, her principal complaint being that the witnesses who testified about the condition of the property had only recently and only briefly inspected the property and therefore were not competent to provide such testimony. And even if we were to consider these complaints, they go to the weight of these witnesses' testimony not its admissibility—a matter committed exclusively to the jury and not an issue that is properly before us. (See *People v. Young* (2005) 34 Cal.4th 1149, 1181 ["In deciding the sufficiency of the evidence, a reviewing court resolves neither credibility

---

[2] In its respondent's brief, the City identifies testimony by numerous witnesses rebutting Sheehan's claim that the property was uninhabitable—none of which Sheehan acknowledged in her opening brief.

14

issues nor evidentiary conflicts. [Citation.] Resolution of conflicts and inconsistencies in the testimony is the exclusive province of the trier of fact. [Citation.] Moreover, unless the testimony is physically impossible or inherently improbable, testimony of a single witness is sufficient to support a conviction."].)

### *Instruction on the "Law"*

In her JNOV motion, Sheehan complained "there was no testimony or guidance regarding how to apply the law by which to determine facts and applicability of standards regarding conditions of habitability"—therefore the jurors were "no more informed than the average laypersons." She similarly complains in her opening brief on appeal, the trial court "issu[ed] legally flawed jury instructions." For multiple reasons, these are not complaints we can consider.

To the extent Sheehan is suggesting live witness testimony should have been presented on the "law" of habitability, it was up to *her* to offer such testimony since, as we have discussed, she, and *not* the City, had the burden of proof on this issue. She provides no citations to the record showing she proffered and made an adequate foundational showing for such witness testimony, let alone, if she did, the City's response and how the trial court ruled on such proffer. Her failure to provide supporting record citations, alone, waives her complaint about this supposed shortcoming in the testimony at trial. Furthermore, if she failed to offer such witness testimony, the asserted shortcoming in the testimony was of her own making.

To the extent Sheehan is suggesting the jury instructions were inadequate, it was, again, up to *her,* as the party dissatisfied with the instructions, to request and propose clarifying or additional language. (See *People v. Choyce* (2025) 18 Cal.5th 86, 109 [appellant "who does not seek

15

clarifying or amplifying instructions" in the trial court "may not complain about the failure to give such instructions on appeal"].) Again, Sheehan has provided no record citations in the argument section of her opening brief, let alone citations showing that she requested and proposed any clarifying or additional language (nor did she provide any such record citations in her closing brief). Accordingly, her claim of instructional error fails for that reason alone.

That said, she apparently did, at some point, ask the trial court to provide instructions on statutes pertaining to habitability, since in the "Factual and Procedural Background" (some capitalization omitted) of her opening brief she quotes the court as stating: "Jury instructions will not include citations to the legal code or habitability laws." (Italics omitted.) Beyond this, however, she alludes to no part of the record where she both requested and proposed additional language to the habitability instructions, let alone, at what juncture before or during trial she did so, the City's response, and the trial court's reason for refusing to include statutory citations.

In any case, as evidenced by record citations provided by the City, the trial court instructed the jury with California Civil Jury Instruction No. 4320 (CACI) ("Affirmative Defense—Implied Warranty of Habitability"). Sheehan, herself, requested this instruction, and she cites no authority suggesting it does not provide adequate instruction on habitability in an unlawful detainer case.

Finally, instructional error is simply not a basis for granting JNOV. While prejudicial instructional error may warrant the grant of a motion for new trial, or reversal on appeal and remand for a new trial, it does not entitle an appellant to entry of judgment. Code of Civil Procedure section 629

16

provides in pertinent part that the trial court "shall render judgment in favor of the aggrieved party notwithstanding the verdict whenever a motion for a directed verdict for the aggrieved party should have been granted had a previous motion been made." (Code Civ. Proc., § 629, subd. (a).) A motion for a directed verdict, of course, does not turn on the instructions subsequently given to the jury.

### *"Certainty" of Amount of Rent Owed*

Sheehan made one additional argument in her JNOV motion—that the "[c]omplaint does not fulfill requirements for reasonable certainty as to monthly rent amount allegedly owed." (Underscoring omitted.) As far as we can tell, she has not advanced this contention on appeal or, if she has made mention of it somewhere in her copious and prolix briefing, she has not done so in accordance with the California Rules of Court.

Rule 8.204(a)(1)(B) of the California Rules of Court requires an appellate brief to "[s]tate each point under a separate heading or subheading summarizing the point[.]" No heading in Sheehan's briefing asserts the complaint did not meet the reasonable certainty requirement. " 'Failure to provide proper headings forfeits issues that may be discussed in the brief but are not clearly identified by a heading.' " (*Petrovich Development Co., LLC v. City of Sacramento* (2020) 48 Cal.App.5th 963, 976, fn. 9.) California Rules of Court, rule 8.204(a)(1)(B) further requires that each separate point be supported by "argument and, if possible, by citation of authority." " 'If none is furnished on a particular point, the court may treat it as [forfeited], and pass it without consideration.' " (*People v. Stanley* (1995) 10 Cal.4th 764, 793.) We therefore deem Sheehan's claim that the complaint lacked "reasonable certainty" as to the rent owed to have been abandoned on appeal.

17

***Remaining Contentions***

As we have observed, Sheehan's 175-plus pages of briefing is replete with arguments that were not raised in her JNOV motion, and as a general rule, these arguments are deemed waived on appeal. (See *Bitner, supra,* 87 Cal.App.5th at p. 1065 [having "failed to raise or develop" issue in the trial court, appellants could not "raise the issue for the first time on appeal"].)

It is true that we have "discretion to address questions not raised in the trial court when the theory presented for the first time on appeal involves only a legal question determinable from facts that are (1) uncontroverted in the record and (2) could not have been altered by the presentation of additional evidence." (*Esparza v. KS Industries, L.P.* (2017) 13 Cal.App.5th 1228, 1237–1238.) However, "[m]erely because an issue is one of law, does not give a party license to raise it for the first time on appeal. . . . Whether an appellate court will entertain a belatedly raised legal issue always rests within the court's discretion." (*Farrar v. Direct Commerce, Inc.* (2017) 9 Cal.App.5th 1257, 1275, fn. 3; accord, *Meridian Financial Services, Inc. v. Phan* (2021) 67 Cal.App.5th 657, 699–700; see *Wittenberg v. Bornstein* (2020) 51 Cal.App.5th 556, 567 ["While . . . authorities recognize an appellate court's discretion to consider forfeited arguments that raise pure questions of law, none imposes a mandatory duty to do so."].)

Even assuming any of Sheehan's litany of new arguments raise pure questions of law, we will not exercise our discretion to consider these otherwise forfeited issues given the deficiencies in Sheehan's briefing we have discussed at considerable length above.

## DISPOSITION

The order denying JNOV is AFFIRMED.  Parties to bear their own costs on appeal.

_____
Banke, J.

We concur:

_____
Humes, P. J.

_____
Langhorne Wilson, J.

A170059, City of Alameda v. Sheehan

20